ALBERT J. KINAN vs. TRIAL COURT & others.[1]

Norfolk. May 5, 1987. — August 10, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act. *Trial Court. Words,* "Agency."

With respect to a claim under the Massachusetts Tort Claims Act, G. L. c. 258, arising from the allegedly negligent acts of the clerk in a District Court, presentment as required by § 4 of the Act was properly made to the Chief Administrative Justice of the Trial Court. [583-587]

CIVIL ACTION commenced in the Superior Court Department on July 10, 1986.

A motion to dismiss was heard by *Paul A. Chernoff,* J., who reported his ruling to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Jacqueline L. Allen,* Assistant Attorney General (*Apolo Catala,* Assistant Attorney General, with her) for the defendants.

*Robert L. Hernandez* for the plaintiff.

HENNESSEY, C.J. The plaintiff, Albert J. Kinan, brought this action under the Massachusetts Tort Claims Act, G. L. c. 258 (1984 ed.), seeking damages allegedly arising from negligent acts committed by the clerk of the Dedham Division of the District Court. Presentment of the claim was made to the Chief Administrative Justice of the Trial Court within the two-year requirement of G. L. c. 258, § 4. The defendants moved to dismiss, arguing that presentment should have been made to the Attorney General, and that, therefore, the plaintiff's

---

[1] District Court Department, and the clerk of the Dedham Division of the District Court in the county of Norfolk.

actions were neither timely nor proper under the act. The Superior Court judge denied this motion and reported the decision to the Appeals Court under Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We allowed the defendants' application for direct appellate review. We conclude that the motion to dismiss was properly denied.

General Laws c. 258, § 4, provides in part that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such employer within two years after the date upon which the cause of action arose." See *Weaver* v. *Commonwealth,* 387 Mass. 43, 45 (1982). *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 315-316 (1981). Section 1 defines the term "[e]xecutive officer of a public employer" in terms of the various governmental entities that may be defendants in a case.[2] The question presented in this case is whether, in an action against the Trial Court of the Commonwealth under G. L. c. 258, the Trial Court is "an agency not within the executive office" or is properly considered "any other public employer" within the language of § 1. The defendants argue that, because the Trial Court is an agency not within any executive office, presentment should have been made to the Attorney General as required by § 1.[3] The plaintiff maintains that the Trial Court, as part of the judicial department, cannot be considered an agency and that presentment was properly made to the "nominal chief executive

---

[2] The definition of executive officer appearing in G. L. c. 258, § 1, is as follows: "'Executive officer of a public employer,' the secretary of an executive office of the commonwealth, or in the case of an agency not within the executive office, the attorney general; the adjutant general of the military forces of the commonwealth; the county commissioners of a county; the mayor of a city, or as designated by the charter of the city; the selectmen of a town or as designated by the charter of the town; and the board, directors, or committee of a district in the case of the public employers of a district, and, in the case of any other public employer, the nominal chief executive officer or board."

[3] The parties agree that the Trial Court of the Commonwealth is not part of any of the executive offices of the Commonwealth as those offices are delineated in G. L. c. 6A, § 2.

officer" of the Trial Court, in this case the Chief Administrative Justice of the Trial Court. We agree with the plaintiff in his interpretation of the statute.

While G. L. c. 258 contains no definition of the word "agency," the defendants contend that the Legislature intended that it include all departments and divisions of the Common-wealth. Consequently, it is the defendants' position that every State employee is either within an executive office, and present-ment should be made to the secretary of that office, or in an agency not within an executive office, and presentment must be made to the Attorney General. The term "other public em-ployer" can never, in the defendants' view, refer to the em-ployer of a State employee. We disagree. In defining "[p]ublic employer," § 1 includes "the commonwealth and any county, city, town, educational collaborative, or district . . . and any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof." Thus, the statute recognizes entities within the Commonwealth other than those termed agencies. We conclude that the word "agency" used in the definition of executive officer of a public employer should not be given the overly inclusive meaning suggested by the defendants in light of the other entities enum-erated in the definition of public employer.

Nevertheless, we must consider whether the Trial Court is an "agency" or an "other public employer" within the language of § 1. The defendants assert that the word "agency," as com-monly understood, means a governmental bureau or an ad-ministrative division of a government, citing Random House Dictionary of the English Language (Unabridged ed. 1967). While "[w]ords and phrases shall be construed according to the common and approved usage of the language" under G. L. c. 4, § 6, we do not consider the Trial Court to fall within this definition. We can locate no instance in which the Trial Court or the judicial department as a whole has been considered an agency of the Commonwealth. Furthermore, the word "agency" has "acquired a peculiar and appropriate meaning in law" which should guide our interpretation of the statute. G. L. c. 4, § 6. For purposes of the State Administrative Procedure Act, G. L.

c. 30A, the definition of the word "agency" specifically excludes the judicial department. G. L. c. 30A, § 1. While we cannot conclude that the Legislature intended to incorporate the definition of agency found in G. L. c. 30A into G. L. c. 258, we believe that the exclusion of the judicial department from the definition of agency under c. 30A is instructive in this instance.

Our inquiry is also aided by reference to the purposes underlying the presentment requirements of § 4. We have stated that one of the purposes of c. 258 "is to preserve the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against government entities which are valid. . . . The presentment requirements serve [this] purpose and attempt to strike a balance between public fairness and promoting effective government. Justifications offered for presentment requirements in statutes waiving governmental immunity include: enabling governmental units to investigate promptly the alleged incident to facilitate immediate assessment of liability, because fraudulent and meritless claims are harder to detect when time is allowed to elapse; protecting against the cost of needless litigation by increasing the likelihood of early adjustment of disputes and out-of-court settlements; preventing future accidents and expenses by enabling the governmental unit to make necessary repairs or to improve procedures; and aiding municipalities in determining future taxes and planning budgets." (Citation omitted.) *McGrath* v. *Stanley,* 397 Mass. 775, 778-779 (1986). See *Hernandez* v. *Boston,* 394 Mass. 45, 48 (1985); *George* v. *Saugus,* 394 Mass. 40, 44 (1985); *Vasys* v. *Metropolitan Dist. Comm'n,* 387 Mass. 51, 57 (1982); *Weaver* v. *Commonwealth, supra* at 47-48. *Lodge* v. *District Attorney for the Suffolk Dist.,* 21 Mass. App. Ct. 277, 283-284 (1985). The Attorney General has no supervisory powers over the Trial Court and, thus, would be unable to fulfil these stated purposes if, as the defendants contend, he should be considered the "executive officer" of the Trial Court for the purposes of § 1. *Lodge* v. *District Attorney of the Suffolk Dist., supra* at 281-282 (discussing the supervisory powers of the Attorney General over the offices

of the district attorneys in determining that the Attorney General was the proper party to receive presentment in an action under c. 258 against the district attorney for Suffolk District).[4] We conclude, therefore, that the Trial Court is not an agency within the meaning of § 1 and that presentment need not have been made in this instance to the Attorney General.

Because the Trial Court does not fall within any of the specifically enumerated bodies described under the definition of executive officer of a public employer, the Trial Court is properly considered an "other public employer" and therefore presentment should have been made to the nominal chief executive officer. In an action against the Trial Court, the nominal chief executive officer is properly the Chief Administrative Justice of the Trial Court. We have stated that "[t]he Act requires presentment of the official who has the authority to settle a claim before suit is instituted" and that "presentment must be made [to] that officer charged with the over-all financial and budgetary responsibility for the agency or department whose employees' actions allegedly gave rise to the plaintiff's claim." *Weaver* v. *Commonwealth, supra* at 47-48. *Holahan* v. *Medford,* 394 Mass. 186, 189 (1985). *Lodge* v. *District Attorney for the Suffolk Dist., supra* at 283-284. In light of the powers conferred on the Chief Administrative Justice of the Trial Court under G. L. c. 211B, §§ 8, 9, 10, 12 and 13, he is "not only in a position to undertake the investigation which might be required to preclude payment of inflated or invalid claims, but also to make provision, during the budgetary

---

[4] Although the defendants correctly point out that the Attorney General will defend an action under c. 258 against the Trial Court (see G. L. c. 258, § 1 [defining the term "public attorney"], and § 6 [requiring the public attorney to defend all civil actions brought against a public employer]; G. L. c. 12, § 3; *Feeney* v. *Commonwealth,* 373 Mass. 359, 363-364 [1977]), this assertion is also true when presentment is made to the secretary of an executive office under § 1. The fact that the Attorney General is the public attorney to defend actions against public employers of the Commonwealth does not aid in determining the issue of presentment under the facts of this case. See *Holahan* v. *Medford,* 394 Mass. 186, 189-190 (1985) (recognizing that presentment to the Attorney General, acting as a public attorney, is proper only for an agency not within an executive office of the Commonwealth).

process, for the payment of valid claims, and to institute promptly any corrective measures designed to reduce the number of valid claims in the future." *Weaver* v. *Commonwealth, supra* at 48.[5] Consequently, presentment was properly made to the Chief Administrative Justice of the Trial Court as required by § 4, and the motion to dismiss was properly denied.

The case is remanded to the Superior Court for further proceedings.

*So ordered.*

---

[5] We have also stated that "it is axiomatic that the Chief Administrative Justice possesses not only that authority specifically granted to him by statute, but also the authority to employ all ordinary means reasonably necessary for the full exercise of the powers granted to him and the duties imposed upon him." *Clerk of the Superior Court for the County of Middlesex* v. *Treasurer & Receiver Gen.,* 386 Mass. 517, 522 (1982). We further note that, for the purposes of collective bargaining by judicial employees of the Commonwealth, the Chief Administrative Justice of the Trial Court is defined as the "employer" or "public employer." G. L. c. 150E, § 1.