YANCY H. ROBINSON *vs.* COMMONWEALTH & others.[1]

No. 90-P-830.

Hampshire. October 16, 1991. - January 17, 1992.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*Massachusetts Tort Claims Act. University of Massachusetts. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act. *Civil Rights,* Availability of remedy. *Commonwealth,* Claim against, Duty to prevent harm. *Constitutional Law,* Equal protection of laws, State action. *Words,* "Agency."

The University of Massachusetts was an "agency" of the Commonwealth for purposes of the presentment requirement appearing in § 4 of the Massachusetts Tort Claims Act, G. L. c. 258, prior to its amendment by St. 1989, c. 161; thus the Attorney General was the appropriate party to receive presentment of a claim arising from the alleged acts or omissions of certain university officials. [7-9]

A party's failure to comply with the presentment requirement of § 4 of the Massachusetts Tort Claims Act, G. L. c. 258, would not be excusable even if the defendant was not prejudiced thereby. [9-10]

Allegations that certain officials of the University of Massachusetts, in their individual capacities, denied the plaintiff his Federal due process rights by failing to provide sufficient police protection to prevent an assault on him by a group of students at the university did not state a civil rights claim under 42 U.S.C. § 1983 (1988). [11-12]

Allegations against certain officials of the University of Massachusetts, in their individual capacities, were insufficient to sustain a Federal civil rights claim on the theory that their failure to protect the plaintiff from assault by a group of students was motivated by racial discrimination. [12-13]

CIVIL ACTION commenced in the Superior Court Department on October 20, 1989.

The case was heard by *Lawrence B. Urbano,* J., on a motion to dismiss.

[1] The Chancellor, the Vice-Chancellor for Student Affairs, and the Director of Public Safety of the University of Massachusetts.

*Meade G. Burrows* for the plaintiff.

*Deirdre Heatwole* for the defendants.

PORADA, J. After the final game of the 1986 World Series in which the New York Mets beat the Boston Red Sox, the plaintiff, a black student at the University of Massachusetts in Amherst, claims, he was beaten by a group of white students because of his race. He brought an action in the Superior Court against the Commonwealth under the Massachusetts Tort Claims Act for its negligence in failing to provide adequate security to protect him (Count I) and against the Chancellor, the Vice-Chancellor for Student Affairs, and the Director of Public Safety of the University of Massachusetts in their official capacities for a violation of the Federal Civil Rights Act, 42 U.S.C. § 1983 (1988), in failing adequately to train and supervise the university police force in crowd control and in selectively denying him protective services on the basis of his race (Count II).[2] The defendants filed a motion to dismiss the negligence claim (Count I) on the grounds that the plaintiff had failed to make a proper presentment of his claim under G. L. c. 258, § 4, as amended through St. 1988, c. 217, and that the Commonwealth was exempt from liability because the alleged negligent acts constituted a "discretionary function" under G. L. c. 258, § 10(*b*). They also filed a motion to dismiss the § 1983 claim (Count II) on the ground that officials of the university were not subject to suit in their official capacities. The plaintiff then filed a motion for leave to amend his complaint to bring suit against the university officials in their individual capacities. The judge denied the motion to amend and allowed the motion to dismiss the complaint. We affirm the dismissal.

1. *The claim under the Massachusetts Tort Claims Act.* The issue presented by this aspect of the case is who was the proper party to receive presentment of a claim against the

___

[2] The plaintiff's complaint contained a third count, which was also dismissed, for violation of 42 U.S.C. § 1981 (1988), and G. L. c. 93, § 102. The plaintiff makes no argument on appeal concerning this dismissal.

University of Massachusetts.[3] The plaintiff claims that he made presentment of his claim to the proper public officials — the Chairman of the Board of Trustees, the President, and the Chancellor of the University of Massachusetts. The Commonwealth argues that presentment should have been made to the Attorney General.

General Laws c. 258, § 4, prohibits the institution of a civil claim for damages against a public employer "unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." Section 1 of G. L. c. 258, as appearing in St. 1978, c. 512, § 15, defines "executive officer of a public employer" as "the secretary of an executive office of the commonwealth, or in the case of an agency not within the executive office, the attorney general;. . . and, in the case of any other public employer, the nominal chief executive officer or board." The parties agree that the University of Massachusetts is not within an executive office of the Commonwealth. See G. L. c. 6A, § 2. Consequently, the question is whether the University of Massachusetts is "an agency not within the executive office," as the Commonwealth contends, or "any other public employer," as the plaintiff contends.

We note that G. L. c. 258, § 4, does not contain a definition of the word "agency." The approved usage of the word in common parlance as "a governmental bureau or . . . administrative division" has been ruled inapplicable in interpreting its meaning under G. L. c. 258, § 4. *Kinan* v. *Trial Court*, 400 Mass. 582, 584 (1987). Instead, in determining whether an office or institution should be considered an agency of the Commonwealth, the courts have focused on its function, *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 281-282 (1985), its significant connec-

---

[3]This problem will not arise in the future. Statute 1989, c. 161, approved June 21, 1989, amended G. L. c. 258, § 4, to provide that, in the case of the Commonwealth, or any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof, presentment to the Attorney General shall be deemed sufficient.

tions to the Commonwealth, *id.* at 282-283, and the fulfilment of the purposes of the presentment requirement, *Kinan* v. *Trial Court*, 400 Mass. at 585-586. There is no question that the University of Massachusetts functions as a State educational institution within the Department of Education but not subject to the department's control. G. L. c. 75, § 1. The University also has significant connections to the Commonwealth. It is dependent upon the Legislature for its operating budget. G. L. c. 75, § 8. Its employees are considered State employees. G. L. c. 75, § 14. Its trustees manage and administer all property, real and personal, belonging to the Commonwealth and occupied or used by the university, G. L. c. 75, § 12, and have the authority to sell and lease land in the name of the Commonwealth, G. L. c. 75, §§ 25-27. Finally, designating the Attorney General as the proper person for presentment comports with the purposes of the presentment requirement. *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. at 283. The Attorney General's office is designated to defend the Commonwealth in all actions brought under the Massachusetts Tort Claims Act. G. L. c. 258, § 1. In addition, the Attorney General is required to defend any official or employee within the Department of Education at his or her request in any action alleging an intentional or unintentional tort or violation of the civil rights of any person arising out of his or her official duties and is given the statutory authority to adjust or settle any such action prior to, during or after trial. G. L. c. 12, § 3E. Accordingly, we conclude that the University of Massachusetts is an agency of the Commonwealth under G. L. c. 258. Our conclusion is buttressed by the Supreme Judicial Court's statement by way of dictum, in *McNamara* v. *Honeyman*, 406 Mass. 43, 47 (1989), that the University of Massachusetts is an agency of the Commonwealth. Thus, presentment should have been made to the Attorney General.

The plaintiff also argues that his claim should not be dismissed for lack of proper presentment, because the Attorney General most probably was aware of the claim through the widespread publicity given the incident. He argues that he

should have been given the opportunity to conduct discovery to determine the Attorney General's awareness of the claim. However, constructive notice is not sufficient to meet the presentment requirements of G. L. c. 258, § 4. *Weaver* v. *Commonwealth*, 387 Mass. 43, 47-48 (1982). An actual presentment must be made by the plaintiff to the executive officer designated under G. L. c. 258, § 4. *Id.* It is irrelevant that the defendant may not have suffered any prejudice by reason of the lack of actual notice. *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 57 n.6 (1982): *Johnson* v. *Trustees of Health & Hosps. of Boston*, 23 Mass. App. Ct. 933, 935 (1986). Compare *Carifio* v. *Watertown*, 27 Mass. App. Ct. 571, 573-576 (1989) (presentment of claim to the town clerk, with copy mailed by the claimant to the town manager, who was the executive officer under G. L. c. 258, deemed sufficient).

Since we hold that recovery under the negligence claim is barred by the defective presentment, we need not determine whether the actions of the university officials were "discretionary functions" which were exempt from liability under G. L. c. 258, § 10(*b*). See, however, *Cady* v. *Plymouth-Carver Regional Sch. Dist.*, 17 Mass. App. Ct. 211, 216 (1983); *Wightman* v. *Methuen*, 26 Mass. App. Ct. 279, 280 (1988)(management of student imbroglios, student discipline, and school decorum deemed discretionary functions under the Massachusetts Tort Claims Act).

2. *Claim under the Federal Civil Rights Act, 42 U.S.C. § 1983.* The plaintiff's initial claim against the university officials was dismissed on the ground that they were not amenable to suit in their official capacities under § 1983. *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). The plaintiff does not challenge this dismissal. His appeal is based on the denial of his motion to amend his complaint to allege a claim against the university officials in their individual capacities. In determining the propriety of this ruling, we shall examine the proposed amended complaint to determine whether it sets forth a cause of action. *Jessie* v. *Boynton*, 372 Mass. 293, 295-296 (1977). *Nei* v. *Boston Survey Consul-*

*tants, Inc.*, 388 Mass. 320, 321 n.3 (1983). In doing so, we apply Federal law. *Harris* v. *Trustees of State Colleges*, 405 Mass. 515, 519 (1989).

To establish a cause of action under § 1983, a plaintiff must allege deprivation of a Federal right by a person acting under color of State law. *Parratt* v. *Taylor*, 451 U.S. 527, 535 (1981). *Daniels* v. *Williams*, 474 U.S. 327, 330-331 (1986). Here, the plaintiff claims that he was denied due process and equal protection under both the Federal and State Constitutions.

We first address the due process claim. The plaintiff asserts that the individual defendants' gross negligence or deliberate indifference, in failing to train and supervise the university's police force in crowd control and to provide adequate police protection in residential areas when the defendants knew or should have known that trouble could occur, caused his assault by a group of white students and, consequently, deprived him of his liberty without due process of law. We do not agree. The Supreme Court has held that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *DeShaney* v. *Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 195 (1989). Only when a person is in State custody against his will, does the Constitution impose upon a State and its officials a duty to assume some responsibility for his safety and well being. *Id.* at 197-200. See *Matter of McKnight*, 406 Mass. 787, 799-800 & n.11 (1990). Here, the plaintiff was not in the State's custody. Consequently, the plaintiff may not claim that the defendants violated his constitutional rights under the due process clause. See *Mody* v. *Hoboken*, 758 F. Supp.

1027, 1030-1031 (D.N.J. 1991)(failure to provide police protection to residents of Indian descent did not constitute a deprivation of due process).

While the Supreme Court's decision in *DeShaney* foreclosed any claim that the plaintiff had against the defendants for a violation of the due process clause, the Supreme Court recognized that a State and its officials may not selectively deny its protective services to certain disfavored minorities without violating the equal protection clause. *DeShaney* v. *Winnebago County Dept. of Social Servs.*, 489 U.S. at 197 n.3. The plaintiff's proposed amended complaint asserts a § 1983 claim under the equal protection clause, a legally cognizable theory. However, a civil rights complaint may be dismissed for failure to allege sufficient minimal facts under a legally cognizable theory. *Dewey* v. *University of N.H.*, 694 F.2d 1, 3 (1st Cir. 1982), and cases collected therein.

While liability can be imposed upon the defendants in their individual capacities under § 1983 based on their official acts, *Hafer* v. *Melo*, 112 S.Ct. 358, 364 (1991), it must be based on their own acts or omissions amounting at the least to reckless or callous indifference to the constitutional rights of others and not on acts or omissions of others under the doctrine of respondeat superior. *Gaudreault* v. *Salem*, 923 F. 2d 203, 209 (1st Cir. 1990). In the present case, the only facts the plaintiff alleges in his proposed amended complaint in support of this claim are allegations that he was detained by the police during the melee but broke loose while white students were not similarly detained and that the police failed to provide protective services to him, an Afro-American. These minimal facts are insufficient to sustain a claim against these defendants that the failure to provide protection to him was based on racial discrimination. Although the plaintiff alleges that he was not protected from the unruly mob, he does not allege that there was a policy of inaction by the police with regard to violence against black students or even that such protection was afforded white students and not black students. See *Mody* v. *Hoboken*, 758 F. Supp. at 1031. While he does allege that the police detained

him but did not likewise detain white students involved in the melee, he also alleges that he was armed with a golf club which the police attempted to remove when they detained him, whereas he does not allege that the white students were armed. Consequently, the sufficiency of his complaint is not aided by this allegation.

The plaintiff's § 1983 claim cannot be maintained because the facts alleged fail to establish any conceivable right of the plaintiff to relief based on either the equal protection clause or the due process clause. There is no constitutional violation when "[t]he most that can be said of . . . state functionaries . . . is that they stood by and did nothing when suspicious circumstances dictated a more active role for them." *DeShaney* v. *Winnebago County Dept. of Social Servs.*, 489 U.S. at 203.

*Judgment affirmed.*