McHugh, J.
I. INTRODUCTION
In this action, Plaintiff, Kathleen Williamson, seeks to recover damages from her former psychology professor, defendant Alan Bernstein (“Bernstein”), Fitch-burg State College (“the College”), and the Commonwealth of Massachusetts (“the Commonwealth”). Plaintiff claims that Bernstein negligently provided educational and therapeutic counseling services to her and then induced her to engage in sexual relations with him. Plaintiffs husband and two children allege loss of consortium and parental society respectively. The College and the Commonwealth have moved to dismiss the counts of the Complaint pertaining to them (Counts 8-16) claiming that the plaintiffs have failed to state a claim on which relief can be granted and that, in any event, the claims they have stated are barred both by principles of sovereign immunity and by the “public duty” rule.
II. BACKGROUND
Read as it must be in the light most favorable to the plaintiffs, the complaint alleges that from approximately September of 1993, through April of 1994, plaintiff was enrolled at the College. During this time, Bernstein was a tenured professor of psychology teaching at the College. Bernstein was also a psychological therapist. Bernstein had an oral or written contract with the College to provide specified teaching services to the College and its students for a specified remuneration.
In the fall of 1993, the plaintiff was enrolled in Bernstein’s General Psychology course. During the first session of the course, Bernstein explained that the course could be emotionally upsetting and invited his students to speak individually and privately with him if they became upset by classroom discussions. Bernstein thereafter conducted discussions of sexual abuse of women.
After the first and subsequent classes, the plaintiff went to Bernstein’s office to speak with him regarding the class topics. During one of these meetings, the plaintiff disclosed to Bernstein her history of childhood sexual abuse. After listening to plaintiffs disclosures, Bernstein undertook to provide therapeutic counseling for her. Bernstein never informed plaintiff that he was not qualified to provide therapy or that the therapy sessions were beyond the scope of his teaching responsibilities. The therapy sessions lasted from September of 1993 through April of 1994.
During Bernstein’s therapy sessions, plaintiff told him of intimate details of her childhood sexual abuse, the impact it had had on her life and the difficulties she was encountering in her marriage. Bernstein “regressed” the plaintiff to the point of being a child again to help her recall details of the sexual abuse. Plaintiff reposed trust and confidence in Bernstein and Bernstein encouraged what turned out to be her growing *95 dependency on him. For instance, Bernstein told plaintiff that her husband did not understand her or her problems and he provided her with the name of a divorce attorney so she could divorce her husband. Bernstein further encouraged plaintiff to isolate herself from her family and to keep their relationship secret.
During the spring of 1994, the plaintiffs emotional condition deteriorated. Bernstein, however, advised her not to seek assistance from the College counseling center but to rely instead upon him for counseling. Around this time, Bernstein also initiated a sexual relationship with plaintiff.
Sometime in the spring of 1994, plaintiff was hospitalized. Thereafter, she filed a complaint against Bernstein with the College. Upon receipt of the complaint, the College began an investigation into Bernstein’s conduct.
III. DISCUSSION
1. Applicable Law
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville, supra at 89. Further, a complaint should not be dismissed simply because it asserts a novel theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176, 183 (1985).
2. The Complaint
As stated, the College and the Commonwealth are moving to dismiss counts 8 through 16 of the complaint as it pertains to them. Plaintiff, the College and the Commonwealth agree that Counts 10 and 13, alleging violations of the Fair Educational Practices Act, G.L.c. 151C, should be dismissed.
The seven remaining counts of the complaint make the following allegations: Count 8, against the College, alleges negligent breach of fiduciary duly. Count 9, also against the College, alleges negligent entrustment, failure to warn, and negligent hiring and/or supervision of Bernstein. Count 11 is against the Commonwealth for negligent breach of fiduciary duty via the actions of the College and Bernstein. Count 12, against the Commonwealth, alleges liability for negligence of the College and Bernstein. Finally, Counts 14 through 16 are against both the College and the Commonwealth and seek recovery for loss of consortium and parental society on behalf of the plaintiffs husband and two minor children.[3]
A. Claims against the College: Counts 8, 9, 14-16
Because it is a state agency or institution, the College itself may be sued under c. 258.[4] Moreover, the so-called “public duty rule” embodied in c. 258, §10(j) does not bar plaintiffs’ claims against the College. In pertinent part, §10(j) provides that “(tjhe provisions of sections one to eight, inclusive, shall not apply to:... (j) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the . . . tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.” Bernstein, an employee of the College, was not a “third-person” within the meaning of §10(j). To the extent that Bernstein’s activities were outside the scope of his employment, plaintiffs claims against the College for the consequences of that activity cannot succeed because c. 258, §2 authorizes recovery only for acts or omissions within the scope of an employee’s employment. But to conclude that a person acting outside the scope of his or her employment is consequently a “third person” for purposes of applying the “public duty” rule would needlessly complicate the statute and engage §10(j) in a mission for which it was not designed.
Inapplicability of the “public duiy” rule is not dis-positive of plaintiffs claims for negligent breach of fiduciary duty (count 8) and negligent entrustment, failure to warn, and negligent hiring and/or supervision (count 9).
Count 8 alleges that the College had a fiduciary relationship with plaintiff because of her status as a student. She further alleges that the College breached that fiduciary duty by failing to investigate Bernstein’s conduct when the College knew or should have known that he was acting in an unprofessional manner. The insurmountable difficulty with Count 8 lies in plaintiffs assertion that a fiduciary relationship existed between her and the College because she was a student there. A fiduciary relationship may spring from a special relationship or arise when one person places particular trust and confidence in another. Hawkes v. Lackey, 207 Mass. 424, 432 (1911). The relationship between students and universities is generally contractual rather than fiduciary,[5] Maas v. Corporation of Conzaga University, 618 P.2d 106, 108 (Wash.App. 1980); see Zumbrun v. University of Southern California, 101 Cal.Rptr. 499, 504 (1972), and plaintiff has cited no cases suggesting otherwise. Moreover, plaintiff does not allege that she placed any *96 trust or confidence in the College for any particular purpose so as to create a fiduciary relationship out of the particular facts of her interaction with the College.
To be sure, plaintiff does allege that she placed trust and confidence in Bernstein and it may well be that she will be able to prove the existence of a fiduciary relationship with him. If so, however, that relationship springs from his performance of activities the complaint itself alleges he was not authorized to perform as an employee of the College, i.e., undertaking to provide therapeutic services and engaging in sexual relations. Bernstein’s conduct of those activities does not therefore give rise to a fiduciary relationship between plaintiff and the College. See Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986); Restatement (Second) of Agency §235.
Count 9, alleging negligent hiring and/or supervision, negligent failure to warn and negligent entrustment, stands on a different footing. That count does state a claim on which relief may be granted.[6] This is not simply a claim that the College is liable for Bernstein’s acts or omissions.[7] Instead, it is a claim the College knew or should have known of the danger Bernstein allegedly posed to plaintiff or to students like plaintiff and failed to prevent those dangers from coming to pass or warn plaintiff so that she could look out for herself in informed fashion.
B. Claims against the Commonwealth: Counts 11, 12, 14-16
Count 11 seeks what amounts to respondeat superior from the Commonwealth for the alleged breaches of fiduciary duty by Bernstein and the College. There is no fiduciary duly running from the College and thus that part of Count 11 must fall.
On the facts the complaint alleges, however, plaintiff may be able to prove both the existence of a fiduciary duty running from Bernstein to her and a breach of that duty. If she does, then the question becomes whether she can recover from the Commonwealth for that breach. For several reasons, I am of the opinion that she cannot.
The Commonwealth’s limited consent to suit embodied in G.L.c. 258 disclaims liability where the state employee’s acts were intentional. G.L.c. 258, §§2, 10(c). In this case, the essence of plaintiffs claim that Bernstein had, and breached, a fiduciary duly to plaintiff is that he manipulated his role as teacher and then as therapist and induced her to have sexual relations with him. Both the manipulation and the sexual relations clearly were intentional acts.[8]
In addition, under G.L.c. 258, §2 the Commonwealth is liable only for those of Bernstein’s acts or omissions that were within the scope of his employment. The parties agree that whether an employee is acting within the scope of employment is determined by an analysis of three principal factors, i.e., whether the actions amounted to the type of act the employee was hired to perform, whether the actions were performed within authorized limits of time and space, and whether the employee’s actions were motivated, at least in part, by a purpose to serve the employer. Wang Laboratories, Inc. v. Business Incentives, Inc., supra, 398 Mass. at 859.
Whatever plaintiff may be able to prove with respect to when and where therapeutic and sexual acts were performed, plaintiff simply cannot prove that they were the type of acts Bernstein was employed to perform or that he performed them in his employer’s interests. The complaint itself states that he was not authorized to perform the therapeutic services. Moreover, the very nature of the conduct she alleges precludes proof that Bernstein was acting to further his employer’s interests in that regard or that he was doing what the employer engaged him to do. The complaint, after all, alleges that Bernstein misrepresented his role at the College to plaintiff, that he encouraged her to keep their counseling, and presumably sexual, relationship secret from the College and that he advised her not to utilize the College’s counseling services to assist her. It is simply impossible to conjure a scenario in which manipulation, secrecy and induced sexual relations by a teacher could ever be undertaken in the interests of a College or amount to the type of duties the College hired the teacher to perform.
Beyond that, the public employer in this case, as stated above, is the College. The “public employer” liable for Bernstein’s acts or omissions therefore is the College, not the Commonwealth. It is true that c. 258, §1 defines a “public employer” as “the commonwealth and . . . any agency . . . which exercise direction and control over any public employee.” Although the point does not seem to have been addressed squarely in decided cases, use of the word “and” in the definition is designed to make the definition inclusive, not to create two “public employers” every time an agency employee commits a tort.
Count 12 seeks what amounts to respondeat superior recovery from the Commonwealth for the negligent acts or omissions of Bernstein and the College. To the extent that Count 12 seeks recovery for the acts or omissions of the College, it does not state a claim on which relief can be granted. G.L.c. 258 provides for what amounts to respondeat superior liability for the acts of Commonwealth employees, not Commonwealth agencies like the College. There is no other waiver of sovereign immunity under which the Commonwealth itself can be sued for the acts or omissions of one of its agencies. To the extent that Count 12 seeks recovery for unintentional, negligent acts or omissions of Bernstein, it does not state a claim against the Commonwealth because the Commonwealth is not Bernstein’s employer.
*97 ORDER
For the foregoing reasons, it is hereby ORDERED that
1. Defendants’ motion to dismiss Count 8 of the Complaint is ALLOWED;
2. Defendants’ motion to dismiss Count 9 of the Complaint is DENIED;
3. Defendants’ motion to dismiss Count 10 of the Complaint is ALLOWED by agreement;
4. Defendants’ motion to dismiss Count 11 of the Complaint is ALLOWED;
5. Defendants’ motion to dismiss Count 12 of the Complaint is ALLOWED.
6. Defendants’ motion to dismiss Counts 14 through 16 of the Complaint is ALLOWED in part and DENIED in part so as to make the surviving portions of said Counts congruent with ¶¶1-5 of this Order.

Counts 14 through 16 also state claims for loss of consortium against the defendant Bernstein.

G.L.c. 258, §2 provides that “[pjublic employers shall be liable for injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment.. .” “Public employers” are defined in G.L.c.258, §1 to include “the commonwealth and . . . and any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof. . .” Fitchburg State College is a state institution of higher learning, organized under G.L.c.73, §19. In addition, the College is dependent on the Legislature for its operating budget. G.L.c. 73, §§11, 12. Its employees are considered state employees. G.L.c. 73, §16. The College therefore may be sued under c. 258. See Robinson v. Commonwealth, 32 Mass.App.Ct. 6, 7-9 (1992) (the University of Massachusetts is a state “agency” for purposes of the Massachusetts Tort Claim Act presentment requirements and its employees are considered state employees).

It should be noted that the duty found in Mullins v. Pine Manor College, 389 Mass. 47 (1983), was premised upon two theories: a duty to use reasonable care to provide security to urban college students because of community consensus and social norms, and the voluntary undertaking of a duty. Id. at 50-56. Mullins did not establish a special relationship or a fiduciary relationship between colleges and students.

To be sure, proof at trial may be difficult. To succeed on the negligent hiring and/or supervision claim plaintiff will be required to show that the college knew or should have known that Bernstein was likely to behave in the alleged manner, that the college knew or should have known of his unprofessional conduct and failed to act or that there were steps which the college should have taken which would have detected and prevented plaintiff’s injuries. The claim regarding a duty to warn will encounter the rule that there is no duty to warn of unforeseeable dangers, or to warn of every conceivable occurrence. See Anthony H. v. John G., 415 Mass. 196 (1993); Lindberg v. Gilbert, 346 Mass. 762 (1963); Morse v. Homer’s Inc., 295 Mass. 606 (1936). The claim for negligent entrustment, novel in this context at the outset, will require proof that Bernstein was unfit for contact with students like plaintiff and that the college knew or should have known of that unfitness. See Leone v. Doran, 363 Mass 1, 292 (1973). Problems of proof, however, are problems for later. Now the court is simply concerned with whether “it appears certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of the claim.” Rae v. Air-Speed, Inc., 386 Mass. 187, 191 (1982).

At least parts of that claim would have insurmountable difficulties. See pp 8-9, infra.

 the extent that plaintiffs claim is that Bernstein had a fiduciary relationship to her simply by virtue of his position as her teacher, plaintiff fares no better. There is no more support for the proposition that an individual teacher is a fiduciary for his or her students then there is for the proposition that the institution itself is a fiduciary. Even if some support for that far-ranging principle did exist, the fact remains that the allegations of this complaint reveal that the breaches of the fiduciary relation spring, not from negligence, but instead from Bernstein’s allegedly predatory intentional conduct.