Page, J.
This matter comes before the court on the defendant, Geriatric Authority of Holyoke’s (“GAH”) motion for summary judgment. The defendant asserts that they are entitled to judgment as a matter of law due to the plaintiffs failure to submit an adequate presentment letter as required by G.L.c. 258, §4. For the reasons stated below this motion is ALLOWED.
The plaintiffs decedent was a resident of the Holyoke Nursing Home on August 14, 1999 when she fell out of the bed, sustained head injuries and died on August 31, 1999. On November 10, 1999 plaintiff sent a letter to the nursing home, asking that the matter be turned over to its insurance company. The letter, on plaintiffs counsel letterhead was addressed to “Ladies and Gentlemen.” Annexed to the letter were copies of the decedent’s nursing notes.[2]
G.L.c. 258, §4, (the presentment provision of the Massachusetts Torts Claims Act), mandates that in a case where a public employer is a party, “the claimant shall have first presented his claim in writing within two years next after the date upon which the cause of action arose.” Presentment must be made to the executive officer of the public employer. G.L.c. 258, §l.The letter must set forth the basis of liability and include all legal theories upon which the claimant relies. Failure to comply with the presentment requirement entitles a public employer to summary judgment. See Baptiste v. Sheriff of Bristol County, 35 Mass.App.Ct. 119, 126-27 (1993).
It is clear that the GAH is a public employer and “shall have [the] powers to sue and be sued.” The MTCA requires that presentment be made to a public employer’s executive officer so that “the individual to whom presentment must be made is that officer charged with the overall financial and budgetary responsibility for the agency ..." Weaver v. Commonwealth, 387 Mass. 43, 48 (1982).
The contents of the letter sent to the GAH is insufficient to qualify as a presentment letter under the statute. While the letter sets forth the circumstances surrounding the death of Ms. Thomas, it fails to assert the basis of liability for the claim. Enclosing the nurse’s notes does not relieve the plaintiff of the responsibility of notifying the GAH of the legal theory for which the plaintiff seeks damages. Finally, the letter was not addressed to the Executive Director of the agency, the person vested with the authority to settle a claim. Presentment must be made in strict compliance with the statute. As such, the plaintiffs failure to submit her presentment letter to the proper pariy renders the letter inadequate.
An issue not fully addressed by the plaintiff is whether the insurance company’s investigation of her claim would constitute a waiver of presentment by the defendant. While it is clear that an investigation was conducted, the record does not reveal the extent of this investigation and whether witnesses were interviewed. The plaintiff urges this court to read the November 10, 1999 letter in conjunction with the correspondence received from the GAH’s insurance company in order to satisfy the presentment requirements.[3] This court declines to take that position. While the GAH’s insurance company presumably would not have initiated an investigation without the authority of its Executive Director, it is the responsibilify of the plaintiff to make presentment to the Executive Director himself. See Robinson v. Commonwealth, 32 Mass.App.Ct. 6, 10 (1992) (“Constructive notice is not sufficient to meet the presentment requirements of G.L.c. 258, §4. An actual presentment must be made by the executive officer designated under G.L.c. 258, §4” (internal citation omitted)).
Furthermore, this court will not speculate upon what legal claims the defendant may have been able to discern from the sparse language of the letter. “[A] presentment letter should be precise in identifying the legal basis of a plaintiffs claim” and must “not be so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim” is being asserted “which constitutes a proper subject for suit” under G.L.c. 258. Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994). Although the letter did prompt the GAH’s insurance company to initiate an investigation, “[i]t is irrelevant that the defendant may not have suffered any prejudice by reason of the lack of actual notice." Robinson, 32 Mass.App.Ct. at 10.
*589 ORDER
For the reasons set forth above, the defendant’s motion for summary judgment is ALLOWED

The letter dated November 10, 1999, was addressed to the GAH and read:
Dear Ladies/Gentlemen:
Please be advised that this office represents the daughter of Margaret Thomas, Maureen Thomas Fentross of Ft. Myers, Florida. Margaret Thomas was a resident of the nursing home at the above location when she was dropped and seriously injured. Mrs. Thomas eventually died of the injuries sustained in that fall.
If you would kindly place you insurance carrier on notice of this claim and request that this office be notified. I am enclosing a copy of the death certificate and the nursing home’s medical records.
Yours very truly,
Henry M. Downey

Exhibits attached to defendant’s motion reveal two letters sent to plaintiffs counsel from the claims department of defendant’s insurer. The letters are dated December 9, 1999 and February 10, 2000.