Agnes, A.J.

INTRODUCTION

The plaintiff, Michael Fisher (“Fisher”) filed a lawsuit against Memorial Health Care[2] (“Memorial”), Worcester State University[3] (“WSU”), and Pedro Toro (“Toro”), alleging battery, intentional infliction of emotional distress, negligence and negligent infliction of emotional distress. WSU and Toro have brought a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) and 12(b)(1) based on the failure of the plaintiff (1) to issue a presentment letter to the Office of the Attorney General in compliance with the Massachusetts Torts Claim Act, G.L.c. 258, §4, and (2) to serve the Office of the Attorney General in compliance with Mass.R.Civ.P. 4(d)(3). As this court finds that the plaintiff did not issue a presentment letter as required under G.L.c. 258, §4, WSU’s Motion to Dismiss is allowed.[4] As the plaintiff has not served Toro according to Mass.R.Civ.P. 4(d)(1), Toro’s Motion to Dismiss is allowed without prejudice.

BACKGROUND

In his complaint, the plaintiff alleges that in March of 2001 he went to Memorial to undergo a stress test. The plaintiff further alleges that during the procedure Toro stuck himself with a needle and then proceeded to inject Fisher with the same needle. At the time of the alleged incident Toro was a student at WSU and was attending to patients at Memorial as part of a clinical practicum offered jointly by Memorial and WSU.

DISCUSSION

Under the Massachusetts Tort Claims Act prior to commencing a civil action against a public employer, the claimant must first present his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose. (G.L.c. 258, § 4. Gilmore v. Commonwealth, 417 Mass. 718, 721 (1994). Presentment must be made “in strict compliance with the statute.” Id. quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982).[5] The state colleges and universities are public employers under G.L.c. 258, §4. See Robinson v. Commonwealth, 32 Mass.App.Ct. 6 (1992); Williamson v. Bernstein, Civil No. 951471 (Middlesex Super.Ct. Feb. 20, 1996) (McHugh, J.) (5 Mass. L. Rptr. 94); Moran v. Caulkins, M.D., Civil No. 971310 (Worcester Super.Ct. Dec. 19, 2000) (Butler, J.) (12 Mass. L. Rptr. 667). When commencing a suit against one of the public colleges of Massachusetts the appropriate executive officer upon which the presentment letter must be served is the Attorney General. G.L.c. 258, §1. Robinson, 32 Mass.App.Ct. at 8-9. Where the plaintiff fails to comply with the presentment requirement within the two years, the plaintiffs case is subject to dismissal. Vasys v. Metropolitan District Commission, 387 Mass. 51, 56 (1982).
In the present case the plaintiff alleges he was injured in March of 2001. It is undisputed that the plaintiff did not issue a presentment letter to the Office of the Attorney General prior to commencing this lawsuit. This was a violation of G.L.c. 258, §4. The plaintiff nonetheless claims that although he did not strictly comply with the statute by issuing the presentment letter first, he is still within the two-year window after the cause of action arose. The plaintiff bases this argument on the fact that he did not learn that Torro was a student of WSU until January 25, 2002. Although the “discoveiy rule” is applicable to the presentment requirement the Massachusetts version of the rule provides that the cause of action arises and thus the duty to make presentment, when the harm occurs and the plaintiff is on notice of the likely cause. Krosnow v. Allen, 29 Mass.App.Ct. 562, 566-70 (1990) (held that in a medical malpractice case the cause of action accrued, for the purposes of the presentment requirement, at the time of the decedent’s death, not when the plaintiff learned that the defendant doctor might be a public employee under G.L.c. 258, §4, at least in the absence of evidence that the employee led the plaintiff to believe presentment was not an issue of fraud). Therefore, in this case it does not matter when the plaintiff learned of Torro’s affiliation with WSU; it is when he was harmed that the clock started running on the requirement of presentment because he was then aware of the likely cause. The two-year period in which the plaintiff could have first issued a presentment letter to the Office of the Attorney General terminated in March 2003. As the plaintiff failed to comply with the requirements of G.L.c. 258, §4, his claim against WSU must be dismissed.

ORDER

For the foregoing reasons, the defendant Worcester State University’s Motion to Dismiss is ALLOWED. The defendant Toro’s Motion to Dismiss is ALLOWED without prejudice.

 The actual name of the hospital is UMASS Memorial Health Care.

 The actual name is Worcester State College.

 The plaintiff also failed to serve the Office of the Attorney General within 90 days of filing the complaint as required by Mass.R.Civ.P. 4(d)(3); however this failure would wanant only a dismissal without prejudice.

 “Underlying that strict, and often harsh, interpretation of the presentment requirement is a recognition of the need for public bodies to make prompt investigations in the interest of disproving fraudulent claims and settling meritorious ones out of court, and the desirability of enabling them to take preventative steps to avoid future claims.” Krasnow v. Allen, 29 Mass.App.Ct. 562, 567 (1990).