Curran, Dennis J., J.
William and Sherry Shapiro sued the City of Worcester, alleging damages arising from raw sewer backups into their home. Their action bears three counts: nuisance; continuing trespass; and continuing nuisance. The action is before the court on two motions: the City’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) as well as its motion for summary judgment under Mass.R.Civ.P. 56. For the following reasons, the City’s motions are DENIED.[1]
BACKGROUND
The complaint and summary judgment record set forth the following facts, taken in the light most favorable to the plaintiffs, the non-moving party.
On May 11, 2000, the City and the Metropolitan District Commission (MDC) executed a Sewer Use Agreement (Agreement) which allowed the MDC to use the City’s sewer system[2] and thereby increase flow within the city-wide system. In return, the MDC agreed to pay $2,875 million for sewer system improvements. The improvements required by the Agreement were to be made in the area of the City that provides sewer service to Kinnicutt Road South, which includes the Shapiros’ home at number 21.
Before entering the Agreement, the City and the MDC conducted studies to determine if the increased flow within the sewer system could be accommodated without improvements. In 1996, a report produced by the MDC forecast that, without the necessary improvements, sanitary sewer backups could occur in residential properties during severe weather conditions.
On April 3, 2005, October 15, 2005, and April 16, 2007, three backups in the City’s sewer line resulted in the discharge of raw sewage onto the area of Kinnicutt Road South, which allegedly caused damage to the Shapiro’s personal and real property, as well as personal injury. At the time of the sewer backups, the improvements required by the Agreement had not been undertaken. According to the Shapiros, the increase in sewage flow, without these planned and proper improvements, caused the sewage backups.
No evidence was presented that the City undertook any efforts to limit MDC’s use of the sewer line in response to the backups. A 2007 report prepared by Weston & Sampson indicated that the sewer backups were consistent with the predictions in the 1996 MDC report.
The Shapiros initiated this action in April 2008.
DISCUSSION
I. Motion to Dismiss
When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), the court accepts as true its factual allegations and draws all reasonable inferences in favor of the plaintiffs. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Mere labels and conclusoiy allegations will not suffice. Rather, a complaint must allege facts “plausibly suggesting (not merely consistent with) an entitlement to relief.” Id. at 636 (internal quotation marks omitted).
As noted above, the Shapiros initiated this action in April 2008. At that time, the law as stated by the Appeals Court excluded nuisance and trespass actions from the ambit of the Massachusetts Tort Claims Act. Asiala v. Fitchburg, 24 Mass.App.Ct. 13, 14-15 (1987).
On December 22, 2010, the Supreme Judicial Court decided Morrissey v. New England Deaconess Association—Abundant Life Communities, Inc., 458 Mass. 580 (2010). Morrissey held that the Tort Claims Act, G.L.c. 258, abolished common-law doctrines of governmental immunity and instead, constituted a single statutory scheme. Id. at 590. Further, the decision was retroactive. Id. at 592. For purposes of this case, then, the Shapiro’s claims for nuisance and trespass are governed by the Act. The City argues that *552 the Shapiro’s action must, therefore, be dismissed because they failed to meet the presentment requirements of G.L.c. 258, §4.
The strict presentment requirement is a statutory prerequisite for recovery under the Act. Vasys v. Metropolitan District Commission, 387 Mass. 51, 55 (1982). The purpose of presentment is to allow public employers the opportunity to investigate and settle claims and to prevent future claims through notice to executive officers. Richardson v. Dailey, 424 Mass. 258, 261 (1997). The Act requires actual presentment; constructive notice is insufficient. Robinson v. Commonwealth, 32 Mass.App.Ct. 6, 10 (1992). In the “unique circumstances” where the executive officer receives “actual notice” through a misdirected presentment letter, the Act’s requirements can be satisfied. Lopez v. Lynn Housing Authority, 440 Mass. 1029, 1030-31 (2003). “In interpreting the presentment statute, the courts have attempted to strike an ‘appropriate balance ... between the public interest in fairness to injured persons and in promoting effective government.’ ” Rodriguez v. Cambridge Housing Authority, 59 Mass.App.Ct. 127, 134 (2003), quoting Whitney v. City of Worcester, 373 Mass. 208, 216 (1977).
The Shapiros concede the point that no presentment was actually made. At issue is whether presentment was required for all nuisance and trespass claims filed against municipalities before Morrissey, but for which the presentment period has ended. While the Supreme Judicial Court held that its decision applied retroactively, Morrissey, 458 Mass. at 592, it could only have been referring to the Act’s substantive law and not the presentment requirement. To dismiss nuisance and trespass claims by plaintiffs for failing to meet a requirement that did not exist at the time of filing would be penetratingly unfair.[3]
II. Motion for Summary Judgment
Under the established standard, summary judgment will be granted when, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to judgment as a matter of law. Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007). “The moving party must establish that there are no genuine issues of material fact, and that the nonmov-ing party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). When the moving party does not bear the burden of proof at trial, it may show it is entitled to summary judgment either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
A. Immunity for Discretionary Functions
The Tort Claims Act waives sovereign immunity for certain tort actions against cities within the Commonwealth. G.L.c. 258, §2. The claims at issue here all fall under the Act. Morrissey, 458 Mass. at 588-92 (holding that nuisance claims, specifically, were covered by the Act which generally established a “comprehensive statutory scheme that govem[s] the liability of public employers in tort actions”).
The Act is not a blanket waiver of liability. It exempts certain categories of behavior, such as those resulting in claims “based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer.” G.L.c. 258, § 10(b).
Analysis under § 10(b) follows a two-prong test. Harry Stoler & Co. v. City of Lowell, 412 Mass. 139, 141 (1992). The first inquiry is “whether the governmental actor had any discretion at all as to what course of conduct to follow.” Id. The second inquiry is “whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability.” Id. The Supreme Judicial Court has held that a determination of the type of discretion in the second prong was defined in its opinions predating enactment of the Act. Id. at 141-42. Specifically, “the dividing line should be between those functions that ‘rest on the exercise of judgment and discretion and represent planning and policymaking [for which there would be governmental immunity] and those functions which involve the implementation and execution of such governmental policy or planning [for which there would be no governmental immunity].’ ” Id. at 142, quoting Whitney, 373 Mass. at 217 (alteration original).
Whitney's language is instructive. At issue is whether the cause of the sewage backup was a failure in planning or a failure in implementing a plan. The Shapiros have offered evidence that the Ciiy established a plan whereby it would allow MDC to increase flow in the City’s sewers in exchange for the MDC improving the sewer system. According to the plaintiffs’ evidence, the City then failed to totally and properly implement that plan. This failure in implementation is the purported cause of. the damage; therefore, this action is not barred by G.L.c. 258, § 10(b).[4]
B. Continuing Trespass
In addition to arguing that the plaintiffs’ claims for continuing trespass are barred by the Tort Claims Act, the City also maintains that these claims cannot survive because there was no intentional act by the City. See United Electric Light Co. v. Deliso Construction Co., 315 Mass. 313, 318 (1943). In its brief, the City acknowledged that this argument applies only insofar as the plaintiffs’ current action is for intentional trespass. As this is only an action for negligent trespass, there is no requirement that the plaintiffs show an *553 intentional act by the City; the Shapiros’ claim can survive.
ORDER
For the foregoing reasons, it is ORDERED the defendant City of Worcester’s motion to dismiss and its motion for summaiy judgment are DENIED.

The Shapiros’ opposition suggests that they should have an opportunity to move to amend their complaint to include claims for an additional discharge of sewage onto their property in 2010. Nothing in this decision precludes such a motion.

The City maintains a public sewer system pursuant to G.L.c. 83, §1.

This court is aware of Carifo v. Town of Watertown, 27 Mass.App.Ct. 571, 576 n.7 (1989), which suggested in dicta that an amendment to G.L.c. 258, §4 should be applied retroactively. There, the acceptable recipient of a presentment letter was expanded by statute. That situation is different than the situation before this court. Here, requiring presentment for claims brought before Morrissey would presumably result in the dismissal of numerous pending cases, otherwise fit to proceed.
This court is also aware of Gray v. Commissioner of Revenue, 422 Mass. 666, 670 (1996), which holds that, by default, statutes changing procedural requirements apply retroactively. The presentment requirement is both substantive and procedural, and was modified by judicial decree, not statute. Moreover, the principal duty of courts when applying statutes is to effectuate the ostensible intent of the Legislature. Sterilite Corp. v. Continental Casualty Co., 397 Mass. 837, 839 (1986). It is unlikely the Legislature intended the Act’s presentment requirement to bar claims brought when no presentment requirement then existed.

The City also argues that the nuisance claims are barred by common-law principles of immunity for discretionary function in placing sewer system components. As discussed, the Supreme Judicial Court recently held that nuisance claims against a municipality fall under the Act. Morrissey, 458 Mass. at 588-92. The City filed its motion for summaiy judgment before Morrissey was handed down. The analysis of discretionary function in planning and implementing a sewer system under §10(b) likewise applied to nuisance claims. The City’s motion is denied as to all counts.