BARBARA J. WEAVER, administratrix, vs. COMMONWEALTH
& others.[1]

Suffolk. April 9, 1982. — August 3, 1982.

Present: WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Notice. Commonwealth,* Liability
for tort.

Language in G. L. c. 258, § 4, providing that, before an action is com-
menced against a public employer under the Massachusetts Tort
Claims Act, the claimant must present the claim to the employer's "ex-
ecutive officer," required, in the case of a claim arising from the death
of a patient in a State hospital, that the claim be presented to the
Secretary of Human Services. [45-47]
Where, under G. L. c. 258, § 4, a claim against the Commonwealth was
to be presented to the Secretary of Human Services before an action on
the claim could be commenced, presentment of the claim to the Com-
missioner of Mental Health and to the administrator of the State hospi-
tal at which the claim arose did not afford the Secretary such construc-
tive notice as would satisfy the statute. [47-48]
Where G. L. c. 258, § 4, required that a claim against the Common-
wealth arising out of the death of a patient in a State hospital be
presented to the Secretary of Human Services within two years after
accrual of the cause of action, a presentment to the Secretary made
after the two-year period had run did not relate back to the date of a
presentment which, although timely, was ineffective by reason of hav-
ing been made to two subordinate officials within the Executive Office
of Human Services. [48-49]
Failure of a claimant to comply with provisions of G. L. c. 258, § 4, re-
quiring timely presentment of a claim under the Massachusetts Tort
Claims Act, barred an action against the Commonwealth, irrespective
of whether the Commonwealth was prejudiced by the lack of timely
presentment. [49]

[1] The other defendants are the Executive Office of Human Services, the
Department of Mental Health, Westborough State Hospital, and "certain
public employees."

Provisions of G. L. c. 260, § 10, which toll the statute of limitations in the event of death of a person entitled to bring an action, had no application to the requirement of G. L. c. 258, the Massachusetts Tort Claims Act, that a claim under the act be presented to the appropriate "executive officer" within two years after the accrual of the cause of action. [50]

CIVIL ACTION commenced in the Superior Court Department on February 23, 1981.

The case was heard by *Young,* J., on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Brook K. Baker* for the plaintiff.

*Ernest P. DeSimone,* Assistant Attorney General, for the defendants.

LYNCH, J. This appeal, which we have transferred here on our own initiative, principally involves the requirement of the presentment of a claim under the Massachusetts Tort Claims Act. G. L. c. 258, § 4.[2] The plaintiff's intestate, Michael Weaver, a patient at Westborough State Hospital, took his own life on March 9, 1978. In her complaint, the plaintiff alleged that the defendants' negligent treatment and supervision of Michael Weaver were responsible for his death. On March 6, 1980, the plaintiff presented a written

---

[2] General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, reads as follows: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim. No civil action shall be brought more than three years after the date upon which such cause of action accrued. Disposition of any claim by the executive officer of a public employer shall not be competent evidence of liability or amount of damages."

claim to the Commissioner of Mental Health (Commissioner) and to the administrator of Westborough State Hospital (administrator). On June 6, 1980, the plaintiff presented the identical written claim to the Secretary of Human Services (Secretary).

The defendants filed a motion to dismiss, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), based on the failure of the plaintiff to make a valid presentment within two years after the date on which the cause of action arose. G. L. c. 258, § 4. The defendants also argued that the plaintiff mistakenly had named "certain [unspecified] public employees" as defendants in her c. 258 complaint, because (pursuant to § 2 of that chapter) only the public employer, and not the public employee, may be held liable for losses resulting from the employee's negligent or wrongful acts or omissions occurring within the scope of his employment. On June 22, 1981, a judge of the Superior Court granted the motion and dismissed the complaint against all defendants.[3] There was no error.

*The presentment issue.* The Massachusetts Tort Claims Act (Act), G. L. c. 258, as appearing in St. 1978, c. 512, § 15, makes public employers liable for losses caused by the negligence of public employees acting within the scope of their employment. § 2. Before any action for damages may be brought against a public employer, however, the claimant must present his claim to the employer's executive officer "within two years after the date upon which the cause of action arose." G. L. c. 258, § 4. See *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 316 (1981). Only if the claim is denied, or the executive officer fails to settle, arbitrate, or compromise the claim within six months, may the claimant file suit. The cause of

---

[3] The plaintiff advances no argument here that the judge of the Superior Court was incorrect in dismissing the claims against "certain public employees" of the Commonwealth. We do not address that issue. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

action in the instant case arose on March 9, 1978. The plaintiff presented her claim to the Commissioner and to the administrator on March 6, 1980. She made a second presentment to the Secretary on June 6, 1980. Although the first presentment was made "within two years after the date upon which the cause of action arose," that presentment appears to be defective because it was not made to the appropriate public employer. The second presentment obviously was not made within the required two-year period.

The plaintiff argues both that the first presentment was made to the proper public officials, and that the second was timely. She concedes that Westborough State Hospital and the Department of Mental Health are within the Executive Office of Human Services; the plain language of G. L. c. 6A, § 16, requires such a concession.[4] It follows that, despite the plaintiff's argument to the contrary, presentment of claims under the Act, arising out of the negligence of employees of Westborough State Hospital, must be made to the Secretary.

Section 1 of the Act defines "[e]xecutive officer of a public employer" as "the secretary of an executive office of the commonwealth, or in the case of an agency not within the executive office, the attorney general . . . ."[5]  "Public

---

[4] The pertinent language of G. L. c. 6A, § 16, as amended through St. 1979, c. 677, § 4, is as follows: "The following state agencies are hereby declared to be within the executive office of human services: . . . the department of mental health, including the several advisory councils established by [G. L. c. 19, §§ 11, 12 and 16], the several institutions within said department and their boards of trustees and all other state agencies within said department . . . ."

[5] The definition of executive officer appearing in G. L. c. 258, § 1, is as follows: "'Executive officer of a public employer', the secretary of an executive office of the commonwealth, or in the case of an agency not within the executive office, the attorney general; the adjutant general of the military forces of the commonwealth; the county commissioners of a county; the mayor of a city, or as designated by the charter of the city; the selectmen of a town or as designated by the charter of the town; and the board, directors, or committee of a district in the case of the public employers of a district, and, in the case of any other public employer, the nominal chief executive officer or board."

employer" is defined in that section as "the commonwealth and any county, city, town or district, . . . and any department, office, commission, committee, council, board, division, bureau, institution or agency thereof." G. L. c. 258, § 1, as amended through St. 1981, c. 403. Thus, for any office or division of the Commonwealth within an executive office (see G. L. c. 6A), presentment should be made to the secretary of that executive office. For other divisions of the government of the Commonwealth, presentment should be made to the Attorney General.

The plaintiff advances three arguments for the proposition that, even if presentment should have been made to the Secretary, the presentment requirement of G. L. c. 258, § 4, has been met. She argues that (1) the first presentment was sufficient because it constituted constructive notice to the Secretary, (2) the second presentment amended and related back to the first and was therefore effective as of the date of the first, and (3) the two-year presentment period was tolled by the provisions of G. L. c. 260, § 10.

The plaintiff's constructive notice argument ignores two salient points. The Act requires presentment to the official who has the authority to settle a claim before suit is instituted. See G. L. c. 258, § 5. Thus, without an actual presentment made in strict compliance with the statute, the executive officer with the authority to settle a claim could not be assured of an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made. In addition, the individual to whom presentment must be made is

---

The last clause in the definition of "[e]xecutive officer" provides that in the case of "any . . . public employer [other than those named specifically within the definition], the nominal chief executive officer or board" is the "[e]xecutive officer." Assuming, without deciding, that this last clause applies to officers of the government of the Commonwealth (as opposed to those of cities, towns, counties or districts), it can have no application here. The Department of Mental Health and Westborough State Hospital cannot fall into the category "any other public employer," since these entities are included within the Executive Office of Human Services by § 16 of c. 6A.

that officer charged with the over-all financial and budget-
ary responsibility for the agency or department whose em-
ployees' actions allegedly gave rise to the plaintiff's claim.
See G. L. c. 6A, §§ 4 and 5. The highest officer of an ex-
ecutive department is not only in a position to undertake the
investigation which might be required to preclude payment
of inflated or invalid claims, but also to make provision,
during the budgetary process, for the payment of valid
claims, and to institute promptly any corrective measures
designed to reduce the number of valid claims in the future.
By requiring presentment to that officer, the Legislature in-
tended to make certain notice is given to the official best
able to ensure that the interests of the Commonwealth
would be protected. We therefore conclude that the judge
who granted the defendants' motion to dismiss was correct
in ruling that the statute required presentment of the plain-
tiff's claim to the Secretary.

We conclude also that the relation back principles of
Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974),[6] have no ap-
plication to the presentment requirement of the Act. The
provisions of G. L. c. 258, and the circumstances in which it
came into being, demonstrate a plain intent to create a
special procedure for dealing with claims made against gov-
ernmental entities. Section 2 of the Act states specifically
that "the remedies provided by this chapter shall be exclu-
sive of any other civil action or proceeding by reason of the
same subject matter against the public employer." The Act
was adopted after this court indicated, at least twice, the

---

[6] Rule 15 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass.
761 (1974), provides for the relation back of amendments of pleadings
whenever the claim or asserted defense arose out of the conduct, trans-
action or occurrence attempted to be set forth in the original pleading.
This rule creates a limited exception to the strictures imposed by statutes
of limitation. Prior to the adoption of rule 15 (c), our practice allowed
liberal amendment of pleadings to add or to substitute parties defendant
after expiration of the period of limitations. Reporters' Notes to Mass. R.
Civ. P. 15, Mass. Ann. Laws, Rules of Civil Procedure at 426 (1974). See
*Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 88-89 (1967).

need for a comprehensive legislative revision of the rules of governmental immunity. See *Whitney* v. *Worcester,* 373 Mass. 208 (1977); *Morash & Sons* v. *Commonwealth,* 363 Mass. 612 (1973). After the Legislature has responded to this expression of need by enacting a detailed statute, we will not, in the absence of compelling reasons, construe that statute so as to abrogate the effect of its clear language.[7]

The legislative treatment of a notice requirement, in a statute analogous to G. L. c. 258, reinforces our conclusion that the Legislature intended the presentment requirement contained in § 4 of c. 258 to apply in cases such as this. The statute governing actions arising from certain defects in public ways contains a notice requirement similar to the presentment requirement of the Act. See G. L. c. 84, § 18. In enacting the Act, the Legislature took pains to preserve the status and force of G. L. c. 84. See St. 1978, c. 512, § 18; *Gallant* v. *Worcester,* 383 Mass. 707, 711 (1981). At the time the Act was enacted, § 18 of G. L. c. 84, as amended through St. 1973, c. 1085, provided, among other things, that "[f]ailure to give such notice of . . . injury or damage . . . shall not be a defense under this section *unless the defendant proves that* he was injured thereby" (emphasis supplied). We cannot read into c. 258 an affirmative requirement that prejudice must be shown before the Commonwealth can rely on failure of presentment when the Legislature has specifically required such a showing in a closely related statute. Had the Legislature intended to require that the Commonwealth must show prejudice in order to rely on lack of presentment under c. 258, it would have included plain language to that effect.

---

[7] Cf. *Vasys* v. *Metropolitan Dist. Comm'n, post* 51 (1982). Here, the defendants filed their motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), before filing their answer; as was not the case in *Vasys,* the issue of defective presentment was raised in an appropriate manner. We note also that here the plaintiff made her initial, defective presentment too late to have sufficient time to make a second, proper presentment in response to the defendants' motion.

The judge correctly determined that the applicability of the tolling provisions of G. L. c. 260 depends on whether the cause of action has a common law origin. Where a cause of action is created by a statute which also places a limit upon the existence of the right, the tolling provisions of the general statute of limitations (G. L. c. 260), do not apply. *Gaudette* v. *Webb*, 362 Mass. 60, 63-64 (1972). Since recovery against the Commonwealth in this case would be possible only under the Act, a recent statutory creation, it is clear that the plaintiff's cause of action has a statutory, rather than a common law, basis. As a result, the two-year presentment requirement is a limit upon the right to sue the Commonwealth, and the tolling provisions of G. L. c. 260, § 10, have no application here.

*Judgment affirmed.*