EMERY JOHNSON[1] *vs.* TRUSTEES OF HEALTH AND HOSPITALS OF THE CITY OF BOSTON. December 9, 1986. *Massachusetts Tort Claims Act. Trustees of Health and Hospitals of the City of Boston. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act. *Notice.*

Whatever may be its substantive merits, this action, like some others before it, is lost for failure of the plaintiff to follow the notice ("presentment") procedure set out in the Massachusetts Tort Claims Act, G. L. c. 258. A minor, Emery Johnson, by his mother as next friend, commenced this action on August 27, 1984, against the Trustees of Health and Hospitals of the

---

[1] A minor, bringing this action by his mother, Priscilla Johnson, as next friend.

City of Boston, for injuries he suffered on July 27, 1982, when he was run over by a vehicle of Boston City Hospital. He charged negligence attributable to the defendant Trustees. Notice of the claim, in attempted compliance with the statute, was given as follows. On November 7, 1983, to the administrator of Boston City Hospital; repeated on December 21, 1983. On November 20, 1984, to the mayor of Boston. On November 21, 1984, to the chairman of the Board of Health and Hospitals and to the trustees of Boston City Hospital. This sequence was brought out upon the defendant's motion for summary judgment, which was allowed by a judge of the Superior Court. The plaintiff appeals.

It is prerequisite to an action against any "public employer" under the statute that notice shall be given to its "executive officer" within two years of the date on which the claim arose. G. L. c. 258, § 4. The following, however, are excepted from the "public employer" category and, correspondingly, from the notice requirement: "the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate." G. L. c. 258, § 1, as amended through St. 1981, c. 403 (set out in part in the margin).[2] The plaintiff contends that the defendant Trustees constitute such an independent body. It happens, however, that the Supreme Judicial Court has answered the very question against the plaintiff — although by dictum, not holding — in *Kelley* v. *Rossi,* 395 Mass. 659, 665 n.6 (1985).[3] The court referred in that connection to *Kargman* v. *Boston Water & Sewer*

---

[2] " 'Public employer,' the commonwealth and any county, city, town, or district, including any public health district or joint district or regional health district or regional health board established pursuant to the provisions of section twenty-seven A or twenty-seven B of chapter one hundred and eleven, and any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof which exercises direction and control over the public employee, but not a private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate. With respect to public employees of a school committee of a city or town, the public employer for the purposes of this chapter shall be deemed to be said respective city or town."

[3] The court said: "[I]f the Trustees of Health and Hospitals of the city [Boston] rather than the city or the city hospital are the 'public employer' of the doctor [defendant], the trustees do not appear to be 'an independent body politic and corporate' (like the Massachusetts Port Authority or the Massachusetts Turnpike Authority) excluded from the definition of a 'public employer' set forth in G. L. c. 258, § 1. See *Kargman* v. *Boston Water & Sewer Comm'n,* 18 Mass. App. Ct. 51, 56-57 (1984)." With the *Kargman* case, compare *Spring* v. *Geriatric Authy. of Holyoke,* 394 Mass. 274, 284 (1985).

*Commn.*, 18 Mass. App. Ct. 51, 56-57 (1984), which, in a full discussion, pointed to fiscal and political independence as hallmarks of the three named Authorities, and thus of any entity that could properly fall within the excepted category. Those qualities of independence the defendant Trustees conspicuously do not possess, as can be seen upon inspection of their constitutive law, St. 1965, c. 656, §§ 4-6.[4]

If, then, an action is to lie against the defendant Trustees, it must be in their role as a "public employer," and so timely notice to their "executive officer" would be required. The Trustees say the mayor of Boston is that officer, and notice to him came too late. We need not consider whether the mayor qualifies as executive officer of the Trustees, for it is evident that the administrator of Boston City Hospital, to whom alone notice was given within the two years, does not qualify.[5] Cf. *Holahan* v. *Medford,* 394 Mass. 186, 188-190 (1985); *Lodge* v. *District Attorney for the Suffolk Dist.,* 21 Mass. App. Ct. 277 (1985).

Notice given after the expiration of the two years (even if directed to the right executive officer) could not be related back to any earlier notice by force of, or on analogy to, Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974). See *Weaver* v. *Commonwealth,* 387 Mass. 43, 48-49 (1982). Nor may notice be validated in this case by the aid of the statute (G. L. c. 260, § 7) which extends periods of limitations during a plaintiff's minority. See *Weaver,* 387 Mass. at 50; *George* v. *Saugus,* 394 Mass. 40, 42-44 (1985). Cf. *Hernandez* v. *Boston,* 394 Mass. 45 (1985). No idea of estoppel or laches can apply here. See *George,* 394 Mass. at 44; *Holahan,* 394 Mass. at 190-191. Contrast *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. 51, 55-57 (1982). And it would be irrelevant that the defendant might have suffered no actual prejudice by reason of irregularity in the matter of the notice. See *Vasys,* 387 Mass. at 57 n.6. Cf. *Weaver,* 387 Mass. at 49.

---

[4] See also St. 1880, c. 174; St. 1935, c. 215; St. 1955, c. 39; *Boston* v. *Dolan,* 298 Mass. 346, 351-352 (1937). By the 1965 legislation the Board of Health and Hospitals (which by St. 1965, c. 656, § 1, has "charge" of the Boston Department of Health and Hospitals) is made a corporation by the name of Trustees of Health and Hospitals of the City of Boston (§ 4). The corporation has powers and duties, e.g., to hold property that may be donated to it and approved by the Board, which are far from the budgetary and political independence of the Authorities mentioned in G. L. c. 258, § 1.

[5] The definition of "executive officer" appears in G. L. c. 258, § 1, as inserted by St. 1978, c. 512, § 15, as follows: " 'Executive officer of a public employer', the secretary of an executive office of the commonwealth, or in the case of an agency not within the executive office, the attorney general; the adjutant general of the military forces of the commonwealth; the county commissioners of a county; the mayor of a city, or as designated by the charter of the city; the selectmen of a town or as designated by the charter of the town; and the board, directors, or committee of a district in the case of the public employers of a district, and, in the case of any other public employer, the nominal chief executive officer or board."

On the one hand, a statutory period of as much as two years for giving notice is perhaps not the best calculated to touch off timely, effective investigation of the facts to defend against a claim. On the other hand, a claimant may have trouble figuring out who is a chargeable public employer and, if one is found, who is entitled to the notice. When to these difficulties is added a disregard of the practical effects, indifferent or serious, of a delayed or fractured notice upon the ability of a prospective defendant to investigate and defend, a system emerges that may be thought short of the ideal. However that may be, we are not empowered, nor would we have adequate experience with the day-to-day operations of the statute, to rewrite its terms.[6]

*Judgment affirmed.*

*Norma J. Brettell* for the plaintiff.
*Joseph L. Tehan, Jr.,* Assistant Corporation Counsel, for the defendant.

---

[6] The plaintiff asks to be allowed to amend the complaint to allege that notice was properly given, but that would not cure the fact of the failure of notice as shown in this opinion.

