Lauriat, J.
This action arises out of the suicide of Brandi Coughlin (“Brandi”) while she was a resident at the Keystone Residential Program of the Northeast Family Institute, Inc. (“Keystone”). The plaintiff, the administratrix of Brandi’s estate, brought this action against the defendant, Commonwealth of Massachusetts (“the Commonwealth”), alleging that Keystone employees were negligent in caring for Brandi and that their negligence proximately caused Brandi’s death. The Commonwealth has moved to dismiss the complaint, or in the alternative for summary judgment, on the grounds that (1) the plaintiff failed to make proper presentment and that (2) Keystone is an independent contractor and, thus, the Commonwealth is not liable for the actions of Keystone employees.[1] For the reasons which follow, the Commonwealth’s motion for summary judgment is allowed.
BACKGROUND
Brandi was a minor under the voluntary care and custody of the Massachusetts Department of Mental Health (“DMH”) who, for a period of six and one half *158 months, resided at Keystone.[2] On January 11, 1992, while at Keystone, Brandi obtained drugs from an unlocked business office at the facility. Brandi ingested the drugs and, on January 27, 1992, Brandi died as a result of her drug overdose.
On August 11, 1992, the plaintiff sent a purported “Notice of Claim” under G.L.c. 258, §4 to Clifford Robertson, the then Area Director of the Metro South Region for the DMH. The plaintiff asserts that Eileen Elias, the Commissioner of the Metro South Region for the DMH was also provided with a copy of the “Notice of Claim.” It is undisputed that the DMH is an agency within the Executive Office of Human Services. It is further undisputed that the plaintiff never sent a “Notice of Claim” to the Secretary of Human Services.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
G.L.c. 258, §4 provides, in pertinent part, that:
A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
G.L.c. 258, §4. “Presentment ensures that the responsible public official receives notice of the claim so that the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Gilmore v. Commonwealth, 417 Mass. 718, 722 (1994), quoting Lodge v. District Attorney for the Suffolk Dist. 21 Mass.App.Ct. 277, 283 (1985). “Before any action for damages may be brought against a public employer . . . the claimant must present his claim to the employer’s executive officer . . .” Weaver v. Commonwealth, 387 Mass. 43, 45 (1982). The requirements of G.L.c. 258, §4 are strictly applied and the Commonwealth need not show that any prejudice resulted from the plaintiffs failure to give notice in accordance with G.L.c. 258, §4. Weaver, supra at 49.
Because the DMH is an agency within the Executive Office of Human Services, presentment of claims arising out of the alleged negligence of DMH employees must be made to the Secretary of Human Services. G.L.c. 258, §§1, 4. The plaintiff contends that the Commonwealth received constructive notice of the claim through the DMH and, therefore, that it should be estopped from raising lack of presentment as a defense.
In Weaver v. Commonwealth, 387 Mass. 43 (1982), the Supreme Judicial Court addressed the requirements of G.L.c. 258, §4 in a context which is factually similar to the case at bar. There, the plaintiffs decedent took his own life while a patient at the Westborough State Hospital. Id. at 44. The plaintiff presented a written claim to the Commissioner of Mental Health and to the administrator of Westborough State Hospital. Id. at 44-45. The plaintiff then brought an action against the Commonwealth alleging that the Commonwealth’s negligent treatment and supervision of the decedent were the proximate cause of his death. Id. at 44. The Court ruled that presentment was ineffective because it was made to the Commissioner of Mental Health, rather than to the Secretary of Human Services. Id. at 48. Accordingly, the Court affirmed the trial judge’s dismissal of the plaintiffs action.
Similarly, the plaintiff in the present case has failed to make proper presentment to the Secretary of Human Services. The failure to make presentment on an executive officer is an absolute bar to the plaintiffs suit. Holahan v. Medford, 394 Mass. 186, 189 (1985). Accordingly, the Commonwealth is entitled to summary judgment in its favor.[3]
ORDER
For the foregoing reasons, the defendant Commonwealth of Massachusetts’ Motion to Dismiss, treated as a Motion for,,Summary Judgment, is ALLOWED.

Because the court has considered the affidavits and exhibits submitted by the parties, this motion will be treated as a motion for summary judgment. M.R.C.P. 12(b).

DMH contracted with Keystone to provide services to its patients.

Because the court has concluded that the plaintiff has failed to make proper presentment under G.L.c. 258, §4, the court need not address the issue of whether Keystone is an independent contractor or a “public employer.”