Fecteau, J.
Plaintiff Anthony Barca (“Barca”) filed this action against the City of Worcester (“City”) and various members of the Worcester Police Department, alleging that he sustained serious injuries as a result of police misconduct. The defendants have moved for summary judgment, contending, inter alia, that Barca will be unable to prove his claim of police brutality at trial and further that Barca failed to comply with the presentment requirement of G.L.c. 258, §4, the Massachusetts Tort Claims Act.
For the following reasons, the defendants’ motion for summary judgment is ALLOWED in part and DENIED in part.[2]
BACKGROUND
The following facts are undisputed.
On December 28, 1990, Barca was a resident of 32 Cutler Street in Worcester. It had been snowing for several hours when Officer Holloway of the Worcester Police Department was dispatched to ticket cars that were parked in violation of the 2" snow parking ban. Holloway ticketed several cars on Cutler Street and alerted a tow truck to begin towing the ticketed cars.
The tow truck driver, Richard Collins, began to hook up his tow truck to Barca’s van, which had been tagged by Holloway for towing. Barca came out of his house and began a verbal exchange with Collins. Upon seeing the two men engaged in conversation, Holloway returned to the area where the van was parked.
Barca then went inside his house. While Barca was indoors, Holloway called for backup.[3] When Barca came back outside, several police officers were present. The exact sequence of subsequent events is in dispute, but it is undisputed that Holloway and Barca engaged physically. Other officers became involved in the scuffle. As a result of this incident, Barca was arrested for disturbing the peace. He was subsequently convicted of that offense.
DISCUSSION
The defendants ask this Court to grant summary judgment in their favor, as a matter of law, pursuant to Mass.R.Civ.P. 56. A court grants summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “If the moving party establishes the absence of a. triable issue” the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion ..." Id.
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The defendants have moved for summary judgment on Counts I, II and IV of Barca’s Second Amended Complaint, which allege excessive force, unlawful arrest and negligence respectively.[4] This Court will address each count in turn.
Count I — Excessive Force
The defendants argue that they are entitled to summary judgment on Count I of the complaint, which alleges that the police officers used excessive force in effectuating the arrest of Barca.[5] The defendants contend that there is no evidence that any force other than what was reasonable and necessary under the circumstances was used on Barca to effectuate his arrest. Conversely, Barca claims that the force used by the Worcester police officers was not reasonable; in support of this contention, Barca points to the serious injuries he received from the altercation with the police, and also points to his own veiy different version of the events of December 28, 1990.
*88 A police officer may use such force as is necessary and reasonable to effectuate an arrest. See Jesionowski v. Beck, 937 F.Sup. 95, 103 (D.Mass. 1996).
The pertinent question is whether the force used was “objectively reasonable” under all the circumstances; that is, whether it was consistent with the amount of force that a reasonable police officer would think necessary to bring the arrestee into custody . . . Proper application of the test of “objective reasonableness” requires the courts to pay careful attention to the facts and circumstances of the particular case at hand, including the severity of the crime, whether the suspect posed an immediate threat the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.
Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 205, cert. den. 500 U.S. 956 (1990).[6]
Under the circumstances of this case, the question of reasonableness of force in effectuating Barca’s arrest is a disputed question of material fact.[7] For that reason, summaryjudgmentmustbe denied on Count I alleging excessive force.
Count II — Unlawful Arrest
The parties do not dispute that, as a result of the incident on December 28, 1990, Barca was subsequently convicted on a charge of disturbing the peace. At trial on this issue, Barca would be required to establish that the police officers who arrested him did not have probable cause to do so.
For an arrest to be lawful, “[t]he officers must have entertained rationally more than a suspicion of criminal involvement, something definite and substantial, but not... a case beyond a reasonable doubt.” Commonwealth v. Rivera, 27 Mass.App.Ct. 41, 45, rev. den. 404 Mass. 1103 (1989), quoting Commonwealth v. Bond, 375 Mass. 201, 210 (1978). In the instant case, it is evident that the police officers had adequate probable cause to arrest Barca for disturbing the peace, as evidenced by Barca’s subsequent conviction beyond a reasonable doubt for that offense.
Barca concedes that his conviction is fatal to his claim of unlawful arrest. Summary judgment is therefore properly entered for the defendants on Count II of the Second Amended Complaint.
Count IV — Negligence /Mass Tort Claims Act
Count IV of Barca’s Second Amended Complaint alleges negligence on the part of the City of Worcester in failing to properly train and supervise its police officers. Barca makes this claim against the City pursuant to G.L.c. 258, the Massachusetts Tort Claims Act (“MTCA”). The defendants argue that they are entitled to summary judgment on Count IV of the complaint due to Barca’s failure to comply with the presentment requirement of the MTCA.
G.L.c. 258, §4 provides that
suit shall not be pursued against a public employer unless the claimant shall first have presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
The parties do not dispute the fact that the cause of action in this case arose on December 28; 1990. There is also no dispute that, according to the statute, Barca’s claim must have been “presented” to the public employer, in this case the City of Worcester, on or before December 28, 1992.
The City has presented evidence, in the form of an affidavit of a city employee, that Barca’s letter of presentment was received in the Office of the City Manager on December 29, 1992, one day after the statutory period expired. Barca has produced no evidence to contradict this affidavit, but argues that his delivery of the certified letter to the post office was sufficient to constitute “presentment” under the statute.
This Court has been unable to locate a case which explicitly discusses the definition of “presentment” as it applies to the Massachusetts Tort Claims Act, and the parties have not called such a case to the Court’s attention in their briefs. Presentment is defined as by the dictionary as “the act of presenting to an authority a formal statement of a matter to be dealt with.” Webster’s Third New Inti. Dictionary 1793 (1986). It has been held that notice required under §4 of the Act must be actual. Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). A plaintiff cannot fulfill his obligation under §4 by constructive notice. Berube v. Northampton, 413 Mass. 635, 637 n. 3 (1992). In this case, Barca argues that the actual notice requirement of §4 was fulfilled when he delivered the certified mail letter to the post office within the two year statutory period.
The presentment requirement of §4 can be closely analogized to the presentment requirement of the defects in public ways statute, G.L.c. 84. In that case, §18 of the statute serves a purpose similar to §4 — to give the entity an opportunity to remedy a harm and also to put a city or state or town on notice of a civil claim for damages. In §18 cases, actual receipt of the notice is necessary to pursue a claim. See O’Neil v. City of Boston, 257 Mass. 414 (1926). The requirement of actual notice, and not mere mailing of the notice, would also best serve the purpose of §4. ”[W]ithout an actual presentment made in strict compliance with the statute, the . . . officer with the authority to settle a claim could not be assured of an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made.” Weaver, 387 Mass. at 47 (emphasis added).
Alternatively, Barca argues that the letter sent by him on February 16, 1991 to the Internal Affairs Division of the Worcester Police Department is sufficient to satisfy the presentment requirement of §4. *89 While there is no dispute that this letter was mailed and received within the time period allowed by §4, it cannot reasonably be said that the letter contains information sufficient to satisfy the presentment requirement. That letter does not give the City any notice that Barca intended to seek a monetary award; the letter merely seeks investigation into the officers’ conduct. See Richardson v. Dailey, 424 Mass. 258, 262 (1997) (no proper presentment where letter did not mention claim being brought against city). Such a missive cannot fairly be characterized as a letter of presentment, where the purpose of the presentment is to give the City reasonable notice of a monetary claim for damages.
It is not necessary for this Court to reach the defendants* second argument in support of summary judgment on Count IV, that the acts alleged by Barca are intentional torts which are not included within the purview of G.L.c. 258. This Court’s decision that Barca has failed to comply with the presentment requirement of the Massachusetts Tort Claims Act renders that discussion moot.
ORDER
For the foregoing reasons, it is ORDERED that the defendants’ motion for summary judgment is ALLOWED with regard to Counts II and IV, and DENIED with regard to Count I.

The defendants filed a motion to strike certain portions of the materials-submitted by the plaintiff in opposition to summary judgment. This Court hereby denies the motion, but notes that none of the obj ected to material was considered in resolving the motion for summary judgment.

Holloway’s justification for calling for backup is an issue that is disputed by the parties. Barca claims that Holloway called for assistance at the urging of one of Barca’s neighbors, who informed Holloway that Barca was “nuts, he would get a baseball bat and come back.” The defendants claim that Holloway called for backup because of Barca’s (heated) conversation with Collins, the tow truck driver. This issue of disputed fact, however, is not material to the inquiry before this Court.

On November 24, 1997, this Court (Travers, J.) allowed Barca’s motion for leave to file a second amended complaint with regard to Counts I, II and IV discussed here, but denied the motion to amend with respect to Count III (supervisory liability against the former acting police chief). Accordingly, that supervisory liability claim is no longer a part of Barca’s complaint.

Barca’s claim asserts a violation of the Fourth Amendment to the United States Constitution; it does not make a similar claim under the Massachusetts Declaration of Rights, and therefore this claim will be analyzed in accordance with federal law.

This case is readily distinguishable from Gaudreault, where summary judgment was granted in favor of the police department. In Gaudreault the plaintiff did not suffer any “notable injury” from his altercation with the police officers, and further, Gaudreault admitted that he was actively resisting arrest at the time the officers were alleged to have used excessive force. Id. at 206. The court concluded that there were no genuine issues of fact with regard to the plaintiffs claim. In the instant case, however, Barca alleges serious injury and further alleges that he was not resisting arrest at the time the officers used excessive force. It is possible that a trier of fact could resolve these issues in Barca’s favor.

The defendants also argue that Barca cannot prove with any certainty which officer “assaulted" him, if any officer did. However, an inference can be drawn in Barca’s favor that one, some or all of the officers present at the scene of the arrest were involved in the scuffle with Barca which produced injury to him. Barca’s uncertainty as to which officer is responsible is not fatal to his claim.