Sanders, J.
This is an action alleging, among other things, negligence by the Department of Social Services (“DSS”) in the foster placement of two-month old Marlon Santos, who disappeared from his foster home November 9, 1998. The plaintiff is Marlon’s mother Dina Santos. The Commonwealth of Massachusetts, named as one of the defendants, now moves to dismiss the claims against it on the grounds that the plaintiff has failed to comply with the presentment requirements of G.L.c. 258, §4. This Court concludes that the Motion must be Allowed.
The relevant legal principles are well-established. Because this is a claim against a “public employer,” the plaintiff must satisfy the requirements of the Massachusetts Tort Claims Act, G.L.c. 258, §1 et seq. Section 4 of Chapter 258 provides, in pertinent part, that “[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” Section 1 defines the term “executive officer of a public employer” as “[ 1] the secretary of an executive office of the Commonwealth, or (2) in the case of an agency not within the executive office, the attorney general...” Presentment on the proper party is a condition precedent to filing suit and must be made “in strict compliance with the statute.” Weaver v. Commonwealth, 387 Mass. 43, 47, 438 N.E.2d 831 (1982) (affirming dismissal where plaintiff sent presentment letter to Commissioner for Department of Mental Health instead of the Secretary for Executive Office for Human Services, which is the *348 executive office within which the department falls). Constructive notice is not sufficient, since the legislature wrote the statute so as not to require the Commonwealth to demonstrate that it suffered any prejudice from the failure to comply with the presentment requirements. Weaver, 387 Mass. at 48.
Applying these principles to the instant case, I conclude that the plaintiff has failed to satisfy the requirements of G.L.c. 258, §4. The letter on which plaintiff relies is dated March 16, 2001[2] and was addressed to the DSS Commissioner. DSS, however, is an agency within the Executive Office of Health and Human Services (“EOHHS”). The letter should therefore have been sent to the EOHHS Secretary, who is the executive officer charged with the overall financial and budgetary responsibility for DSS and thus has the authority to investígate a claim and determine whether an offer of settlement should be made. Without actual presentment made in strict compliance with the statute, the plaintiff fails to satisfy a condition precedent to bringing suit.
ORDER
Accordingly, the Commonwealth’s Motion to Dismiss is hereby ALLOWED, and Counts I, II, III and VII are DISMISSED.

The commonwealth points out that the letter was sent more than two years after the disappearance of the child and would therefore appear to be too late. Because that argument requires me to consider matters beyond the four comers of the Complaint (so as to determine when the plaintiff knew or should have known that she had a claim against the Commonwealth), I do not rely on these grounds in allowing the Motion to Dismiss.