**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1438

DANIEL MCCARTHY,

Plaintiff, Appellant,

v.

CITY OF NEWBURYPORT; THOMAS CAPPELLUZZO; ALAN MAGUIRE;
THOMAS H. HOWARD; DAVID FOLEY; DAVID C. KNIGHT; LISA MEAD;
ALAN P. LAVENDER,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Morris E. Lasker, Senior District Judge]

Before
Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Thomas J. Gleason with whom Gleason Law Offices, P.C. was on brief for appellant.
Adam Simms with whom John J. Davis and Pierce, Davis & Perritano, LLP were on brief for appellee Thomas Cappelluzzo.
Leonard H. Kesten with whom Deidre Brennan Regan and Brody, Hardoon, Perkins & Kesten, LLP were on brief for appellees City of Newburyport, Alan Maguire, Thomas H. Howard, David Foley, David C. Knight, Lisa Mead, and Alan Lavender.

October 31, 2007

[*]Of the Northern District of California, sitting by designation.

**SCHWARZER**, <u>Senior District Judge</u>.  Daniel McCarthy, a Newburyport, Massachusetts police officer, brought this action against the former and current chiefs of police, Thomas Cappelluzzo and Thomas H. Howard; fellow police officers Alan Maguire, David Foley and David Knight; former mayors of Newburyport Lisa Mead and Alan Lavender; and the City of Newburyport.  McCarthy alleged claims under 42 U.S.C. § 1983 for violations of his First Amendment, due process, and equal protection rights, as well as claims under various state laws.  The district court, in a thorough and well-reasoned memorandum and order, granted defendants' motions for summary judgment.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

McCarthy's lawsuit stems from disciplinary actions against him in the wake of controversy surrounding local newspaper reporting about the Newburyport Police Department ("NPD").  In March 2001, some NPD members came to believe that McCarthy was the source of information used in local newspaper stories that were critical of the department, based on McCarthy's acquaintance with a local member of the press.  This led to a letter to the city council (signed by Officers David Foley and David Knight, among others), a newspaper article that McCarthy claims alluded to him as a disruptive presence in the NPD, and a letter from McCarthy to the newspaper editor.

In April 2001, McCarthy made an arrest using a key to a private establishment.  An unknown person posted in the police department a copy of the NPD policy forbidding officers from

possessing keys to private establishments without permission from the police chief, and Chief Thomas Cappelluzzo orally reprimanded McCarthy for violating the policy. McCarthy then received repeated requests for a written report on the incident from Sergeant Alan Maguire and Chief Cappelluzzo. In July 2001, after McCarthy failed to comply with the requests, Cappelluzzo suspended him for three days. When Cappelluzzo ordered him to relinquish his gun and badge for the duration of his suspension, McCarthy allegedly tossed his loaded gun onto Cappelluzzo's desk. McCarthy was then given an additional five-day suspension. An independent counsel reviewed and upheld these suspensions, and recommended an additional fifteen-day suspension, which Lisa Mead, the mayor, ordered.

In February 2002, the Essex County District Attorney's Office filed a criminal assault complaint against McCarthy for tossing the gun onto Cappelluzzo's desk. The new chief of police, Thomas H. Howard, placed McCarthy on administrative leave for the duration of the criminal case. In October 2002, the court directed a verdict for McCarthy on the charge.

In September 2002, the new mayor, Alan Lavender, selected Officer Maguire for promotion to sergeant. Lavender passed over McCarthy, who was the top-ranked candidate on the Civil Service List, in part because of the past disciplinary actions against McCarthy and the then-pending criminal charge. The Massachusetts State Human Resources Division subsequently affirmed Lavender's decision.

McCarthy filed this action in June 2003. In his 31-count complaint, he alleged that defendants violated his First Amendment

rights to freedom of speech and freedom of association, and his Fourteenth Amendment due process and equal protection rights. He also asserted various state law claims, including defamation, invasion of privacy, malicious prosecution, abuse of process, intentional infliction of emotional distress, negligence, and violation of his rights under the Massachusetts Civil Rights Act ("MCRA"). The district court granted the defendants' summary judgment motions in February 2007. This timely appeal followed.

## II. STANDARD OF REVIEW

We review a summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmovant plaintiff when determining whether the district court correctly applied the law in finding no genuine issues of material fact. Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000). A "material" fact is a "contested fact [that] has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant," and a "genuine issue" means that "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001) (internal quotation marks and citation omitted). If the moving party has made a preliminary showing that there is no genuine issue of material fact, the nonmovant must "produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (internal

quotation marks and citation omitted).  If the nonmovant's argument "rests merely upon conclusory allegations, improbable inferences, and unsupported speculation," summary judgment is appropriate. Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

### III. CAPPELLUZZO'S SUMMARY JUDGMENT MOTION

A.  First Amendment

A government employee alleging an adverse employment action in response to the exercise of First Amendment rights "must introduce sufficient evidence to permit a finding that his participation in this protected activity was a substantial or motivating factor behind the adverse employment action," Perez v. Pierluisi, 339 F.3d 43, 55 (1st Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).  The burden of persuasion then shifts to the defendant to demonstrate by a preponderance that the adverse employment action would have been taken "even in the absence of the protected conduct."  Id. at 56 (internal quotation marks and citation omitted).  Summary judgment on a First Amendment claim will be upheld "only if (1) the record evidence *compelled* the conclusion that the plaintiff would have [suffered the adverse employment action] in any event for nondiscriminatory reasons, or (2) the plaintiff did not introduce sufficient evidence in the first instance to shift the burden of persuasion to the defendants."  Id. (internal quotation marks and citation omitted).

McCarthy argues that the disciplinary actions taken

against him were motivated by his letter to the editor. There is no evidence to support this conclusory assertion. As the district court pointed out, McCarthy's letter to the editor actually praised Cappelluzzo, and McCarthy's testimony at his deposition was that Cappelluzzo never took or threatened any action against him based on his association with the reporter. Cappelluzzo had ample nondiscriminatory reason to discipline McCarthy, given McCarthy's repeated failure to comply with Cappelluzzo's requests for a written report. We agree with the district court that no reasonable juror could find that McCarthy's protected speech was a motivating factor for any alleged adverse employment action.

B. Equal Protection

McCarthy argues that he was denied equal protection because the facts asserted in support of his First Amendment claim raise an inference that he received unfavorable or malicious treatment. This claim fails because McCarthy has offered no evidence that he was "intentionally treated differently from others similarly situated." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

C. Substantive Due Process

McCarthy argues that the facts alleged in his First Amendment claim establish malicious intent or deliberate indifference on the part of Cappelluzzo, in violation of McCarthy's substantive due process rights. He contends that he suffered harm to his reputation and that his rights under state law were

adversely affected when he was passed over for a promotion, despite his place at the top of the Civil Service List. This claim fails because McCarthy cannot demonstrate that he lost governmental benefits as a result of "government action" on the part of Cappelluzzo. See Pendleton v. City of Haverhill, 156 F.3d 57, 63 (1st Cir. 1998). The decision to bypass McCarthy for promotion was made by Mayor Lavender and affirmed by the state Human Resources Division.

D. State Law Claims

McCarthy has alleged no facts in support of his intentional infliction of emotional distress claim that would show that Cappelluzzo's conduct was "beyond all bounds of decency and . . . utterly intolerable in a civilized society," Cady v. Marcella, 729 N.E.2d 1125, 1131 (Mass. App. Ct. 2000) (internal quotation marks and citation omitted).

Nor is there any evidence that Cappelluzzo violated the MCRA by interfering with McCarthy's rights under the Massachusetts or federal constitution. To prevail on an MCRA claim, a plaintiff must demonstrate (1) an interference or attempted interference with the exercise or enjoyment of rights secured by the Constitution, federal law, or Massachusetts law, (2) through "threats, intimidation, or coercion." Howcroft v. City of Peabody, 747 N.E.2d 729, 745 (Mass. App. Ct. 2001) (internal quotation marks and citation omitted). McCarthy has alleged no facts that would allow a reasonable jury find a violation.

The malicious prosecution and abuse of process claims

also fail. A malicious prosecution claim requires a showing that criminal proceedings were instituted without probable cause, Correllas v. Viveiros, 572 N.E.2d 7, 10 (Mass. 1991). McCarthy has not alleged any facts that would support a finding that there was no probable cause behind Cappelluzzo's referral of the incident to the Essex County District Attorney's Office. The abuse of process claim requires a showing of an "ulterior purpose" to the litigation in question, Silvia v. Bldg. Inspector of W. Bridgewater, 621 N.E.2d 686, 687 (Mass. App. Ct. 451), and McCarthy has offered nothing beyond "conclusory allegations" to support his claim that Cappelluzzo had such an ulterior purpose.

IV. REMAINING DEFENDANTS' SUMMARY JUDGMENT MOTION

A. First Amendment

Because Officers Foley and Knight took no adverse employment action against McCarthy, they cannot be held liable for First Amendment retaliation. With respect to Sergeant Maguire, McCarthy has produced no evidence that Maguire's activities amounted to an adverse employment action or were motivated by an intent to interfere with McCarthy's First Amendment rights. The claim against Officer Howard also fails because McCarthy can point to no evidence that Officer Howard's approval of the decision to place McCarthy on administrative leave or to refer the gun-tossing incident to the district attorney's office was motivated by any protected speech.

Because McCarthy cannot prevail on his First Amendment claims against Officers Foley, Knight, Howard and Sergeant Maguire,

Mayors Mead and Lavender are also entitled to summary judgment on McCarthy's claim that they violated his First Amendment rights by not taking action against the NPD officers who were supposedly retaliating against him. McCarthy has also failed to demonstrate that his letter to the editor was a "substantial or motivating factor" behind the fifteen-day suspension imposed by Mead (which was based on a recommendation by independent counsel), or behind Lavender's decision not to promote McCarthy. <u>Perez</u>, 339 F.3d at 55.

Finally, the City of Newburyport is entitled to summary judgment because, as the court below observed, McCarthy has not produced the requisite evidence of a municipal custom or policy of deliberate indifference to a constitutional violation. <u>Monell</u> v. <u>City of New York Dept. of Soc. Servs.</u>, 436 U.S. 658 (1978).

B. Equal Protection

The remaining defendants are also entitled to summary judgment on McCarthy's equal protection claims for the same reason as Cappelluzzo.

C. Substantive Due Process

McCarthy argues that the remaining defendants' actions toward him reflected a malicious intent or deliberate indifference to his welfare, and thus violated his substantive due process rights. The claim fails because McCarthy has offered no evidence that the defendants' actions could be found to "shock the conscience" or be considered "truly outrageous, uncivilized, and

intolerable." <u>Hasenfus</u> v. <u>LaJeunesse</u>, 175 F.3d 68, 72 (1st Cir. 1999) (citations omitted).

D.  State Law Claims

McCarthy cannot prevail on his defamation claim against Maguire, Howard, Foley, and Knight because he has failed to allege (1) the basis of the libel or slander claim, along with the precise wording of at least one sentence of the statement at issue; (2) the means and approximate dates of publication; and (3) the falsity of those statements.  <u>Dorn</u> v. <u>Astra USA</u>, 975 F.Supp. 388, 396 (D. Mass. 1997).

The remaining individual defendants are also entitled to summary judgment on the claim for intentional infliction of emotional distress because McCarthy has failed to allege any facts that would show that the defendants' conduct was "beyond all bounds of decency and . . . utterly intolerable in a civilized society," <u>Cady</u>, 729 N.E.2d at 1131.

McCarthy's claim for negligence against the City of Newburyport fails because he did not comply with the Massachusetts Tort Claims Act requirement to "first present his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose."  Mass. Gen. Laws ch 258, § 4; <u>see</u> <u>Weaver</u> v. <u>Commonwealth</u>, 438 N.E.2d 831, 834 (Mass. 1982) (presentment must be made "in strict compliance with the statute").

The remaining defendants are entitled to summary judgment on the MCRA claim. McCarthy alleges that Lavender threatened that

McCarthy would never be promoted within the NPD if McCarthy did not support Lavender's selection for the open sergeant position. Even if this allegation were true, McCarthy has not demonstrated that Lavender's threat interfered with McCarthy's rights under the Constitution, federal law, or Massachusetts law, as required. Howcroft, 747 N.E.2d at 745.

## V. CONCLUSION

For the foregoing reasons, the judgment is affirmed.

AFFIRMED.