Inge, Garry V., J.
Before the court is the Defendants’ Rule 12(b)(6) Motion to Dismiss the plaintiffs wrongful death action. The motion asserts as grounds therefore, (1) the failure of an authorized representative of the Estate of Steven Gavin to file a presentment of claim within two years from the date the cause of action arose as mandated by G.L.c. 258, §4, and (2) the Estate of Steven Gavin is not authorized in the first place to bring the claims which must be *186 brought by the executor or administrator on behalf of the decedent’s estate. For the reasons that follow the motion will be ALLOWED.
Background
Steven Gavin was an inpatient at Tewksbury State Hospital a facility under the general supervision of the Massachusetts Department of Public Health. Following a gastronomy procedure performed at another facility in July of 2008, Gavin was returned to Tewksbury State Hospital. During the following two weeks his family members made observations about drainage from the gastronomy tube after the tube had become dislodged and reinserted. On or about August 8, 2008, Gavin was taken to the Massachusetts General Hospital where on August 11, 2008, he died of fibrinopurulent organizing peritonitis, bilateral pneumonia. On July 21, 2010, notice was given to the Commonwealth of the plaintiffs intention to seek recovery under G.L.c. 258 and the six-month waiting period expired. On March 24, 2011, plaintiff brought this action charging negligence among the Fitchburg Hospital staff who cared for Gavin and asserting that those said staff members were public employees within the meaning of G.L.c. 258, §1.
Discussion
Section 4 of the Massachusetts Tort Claims Act (Act) reads in pertinent part: “A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” G.L.c. 258, §4.
Proper presentment is not jurisdictional, but it is a condition precedent to bringing a wrongful death claim in the Superior Court. Vasys v. Metropolitan Dist. Comm'n, 387 Mass. 51, 55 (1982). There is no requirement that a defendant show it was prejudiced by defective presentment. Weaver v. Commonwealth, 387 Mass. 43, 49 (1982).
In Vasys, the Supreme Judicial Court stated:
We are instructed by the Legislature to construe the provisions of c. 258 “liberally for the accomplishment of the purposes thereof.” One of the major purposes of c. 258 clearly is to allow plaintiffs with valid causes of action to recover in negligence against governmental entities in Massachusetts. A second, and equally important, purpose is to preserve the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against governmental entities which are valid, in amounts which are reasonable and not inflated. The presentment requirement of §4 is intended to further this second purpose. “An appropriate balance should be struck between the public interest in fairness to injured persons and in promoting effective government.” (Internal citations omitted.)[2]
387 Mass. at 57. Several years later, the Supreme Judicial Court said of the presentment requirement: “(T]he purpose of the presentment requirement is to allow the public employer to investigate any claim in full and to ‘arbitrate, compromise or settle’ any such claims as it sees fit.” Holohan v. Medford, 394 Mass. 186, 189 (1985), quoting G.L.c. 258, §5.[3]
The Act requires that presentment be made to the “executive officer,” which is defined in §1 of the Act, because that is the person with the authority to settle a claim on behalf of the public employer before a suit is filed. See G.L.c. 258, §5.[4]
The Act also requires that the person making presentment be a claimant although that term is not defined. If the purpose of the presentment requirement is to be fulfilled, however, it would appear self-evident that the claimant must be a person with the authority to arbitrate, compromise or settle the claim. The power to arbitrate, compromise or settle a claim is derived from the power to bring the claim. See Marco v. Green, 415 Mass. 732, 739 n.18 (1993). Pursuant to the wrongful death statute, “(d)amages . . . shall be recovered in an action of tort by the executor or administrator of the deceased.” G.L.c. 229, §2. The Supreme Judicial Court has interpreted this to mean that “(n]o action . . . can be maintained for death . . . unless it is brought by the decedent’s executor or administrator.” MacDonald v. Moore, 358 Mass. 801, 801 (1970). Therefore, where the underlying claim is for wrongful death, a claimant for purposes of the Act must be the executor or administrator of the deceased.[5]
At the time the claim was presented, no executor or administrator of the deceased had yet been appointed. The purported claimant was the Estate of Steven Gavin. The presentment requirement, therefore, had not been satisfied within the time specified in the Act. Moreover, even subsequent appointment of an executor or administrator of the deceased could not serve to cure presentment. See Weaver v. Commonwealth, 387 Mass. 43, 48 (1982) (‘‘[T]he relation back principles of Mass.R.Civ.P. 15(c) . . . have no application to the presentment requirement of the [Massachusetts Tort Claims] Act”).[6], [7]
On this basis the Complaint must be dismissed.[8] And, although it may appear to the decedent’s beneficiaries that they will not have an opportunity to recover in a claim for damages because of a mere technicality,[9] to determine otherwise would impair the workings of the mechanism created by the legislature for resolving claims against governmental entities.
ORDER
For the foregoing reasons the Motion to Dismiss is ALLOWED.

 In Vasys, the Supreme Judicial Court was construing c. 258, §4 for the purpose of determining whether a complaint brought thereunder could be properly dismissed for lack of subject matter jurisdiction solely because the plaintiff failed to comply with the presentment requirement of §4.

 In Holohan, the Supreme Judicial Court was construing c. 258, §4 for the purpose of determining whether presentment to the city solicitor was equivalent to presentment to the city manager.

 It should be noted that there is an “actual notice” exception, i.e., if presentment is made to someone other than the executive officer, but the executive officer has actual notice, the presentment requirement is deemed satisfied; the purpose of the requirement can still be fulfilled.

 Admittedly, this approach to discerning the meaning of the term claimant is grounded more In reason than in traditional principles of statutory construction. An examination of the associated words and phrases in the context of the Act, however, suggests the same result, i.e., that the claimant referred to is the person with the claim for damages.

 This is contrary to Federal practice. E.g., Wozniak v. United. States, 701 F.Sup. 259, 261 (D.Mass. 1988).

 As the Supreme Judicial Court explained: “The provisions of G.L.c. 258, and the circumstances in which it came into being, demonstrate a plain intent to create a special procedure for dealing with claims made against governmental entities. Section 2 of the Act states specifically that ‘the remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer.’ The Act was adopted after this court indicated, at least twice, the need for a comprehensive legislative revision of the rules of governmental immunity. After the Legislature has responded to this expression of need by enacting a detailed statute, we will not, in the absence of compelling reasons, construe that statute so as to abrogate the effect of its clear language" (internal citations omitted). Weaver v. Commonwealth, 387 Mass. 43, 48-49 (1982). (The Weaver case involved a presentment that was defective because, although it was made within two years after the date upon which the cause of action arose, it was not made to the appropriate public employer. A second presentment was made to the appropriate public employer, but outside of the required two-year period.)

 Because this court has already found sufficient grounds to dismiss the plaintiffs complaint, it need not address the defendants’ other arguments.

 “The statute is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities." Carifio v. Watertown, 27 Mass.App.Ct. 571, 576 (1989).